ELWOOD F. SCOBIE ET AL. v. ROBERT IDAROLA ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued April 6—decided April 19, 1967

*Anthony V. DeMayo,* for the appellants (plaintiffs).

*George G. McManus, Jr.,* for the appellee (named defendant), and *Richard L. Reilly,* for the appellee (defendant East Haven zoning board of appeals).

ALCORN, J. Robert Idarola owned property in East Haven in a residence zone which required a minimum lot area of 7200 square feet per family. The lot contained 19,000 square feet. He applied to the zoning board of appeals for a variance to permit him to construct an apartment house to accommodate twenty families, which, under the regulations, would require a lot containing 144,000 square feet. The zoning board of appeals granted the variance, giving as its only reasons: "Best possible use of land. Building as proposed best suited for property. Will enhance the neighborhood." The plaintiffs, owners of adjacent property, appealed to the Court of Common Pleas, which found them to be aggrieved but rendered judgment dismissing the appeal. The present appeal is from that judgment.

The board of appeals is empowered to vary the application of the zoning regulations "where owing to conditions especially affecting such parcel but not affecting generally the district in which it is located, a literal enforcement of these regulations would result in exceptional difficulty or unusual hardship." East Haven Zoning Regs., art. 11 § 3 (c) (1957). It was Idarola's burden to establish a hardship peculiarly affecting his property through the operation of the zoning ordinance. *Ward* v. *Zoning Board of Appeals,* 153 Conn. 141, 143, 215 A.2d 104. The record in the present case is completely devoid of any attempt by Idarola to establish any hardship whatever. The board in its decision found no hardship, and none of the reasons

given by the board was adequate to support its action.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.