## CLARENCE CLAPP ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF MILFORD ET AL.

COURT OF COMMON PLEAS     NEW HAVEN COUNTY     FILE No. 81903

Memorandum filed March 4, 1970

*Stephen E. Ronai,* of Milford, for the plaintiffs.

*Stephen I. Traub,* of New Haven, for the named defendant.

*Michael L. Riccio,* of Bridgeport, for the defendants Angelica.

LEVINE, J. The instant appeal was taken by neighbors of defendants Jane and Salvatore Angelica from a variance granted by the zoning board of appeals of the city of Milford. The variance authorized defendants Angelica to convert two single-family dwellings, located on a single lot, into two two-family dwellings. The zoning classification for

the lot in question was R-7. Two-family homes are not permitted in such a zone. Milford Zoning Regs., c. 2 § 1 (1961). Defendants Angelica had purchased the parcel about one year prior to their present application.

It was stipulated and agreed that at all times during the instant case plaintiff Kathryn B. Keller was the owner of the parcel immediately abutting the Angelica lot. Hence, the standing of Miss Keller as an "aggrieved person," or a person legally entitled to challenge the ruling of the board, is undisputed. General Statutes § 8-8.

Prior to the hearing before the zoning board, the Angelicas had applied for and received two permits from the Milford building inspector covering closing-in of the porches and "renovation" of the building interiors of both houses. There was no indication or representation by the Angelicas to the building inspector that their efforts would also include an attempted conversion of both buildings into two-family residences. When it was apparent that the work on the two homes went beyond remodeling and actually contemplated conversion for multifamily use, a complaint was made to the Milford zoning administrator. As a result of an investigation, a cease and desist order was issued against defendants Angelica to stop all further construction. Subsequent thereto, defendants Angelica made the application to the zoning board which is the subject of the present appeal.

At the public hearing before the zoning board, defendants Angelica were the sole proponents of their application. Approximately seven residents of the area in proximity to the two houses spoke in opposition. A signed petition opposing the variance was presented by twenty-five residents of the area. The variance was granted by a decision of the board

dated May 6, 1969. The reasons assigned by the board were: "Hardship, practical difficulty, and will in no way change the character of the neighborhood."

The court is of the opinion that the instant appeal should be sustained. The board's finding, in words, appears to be an imperfect and inexact quotation of some of the pertinent language of chapter 7, § 2 (B), of the Milford zoning regulations, authorizing variances where strict enforcement may result in "exceptional difficulty or unusual hardship." The language of the Milford regulation, in essence, repeats that of § 8-6 (3) of the General Statutes.

It is well established that the power to grant a variance should be sparingly exercised. *Piccirillo* v. *Board of Appeals on Zoning,* 139 Conn. 116, 120. The burden of proof is on the applicant to prove compliance with the statutory requirements as a condition of a valid grant of a variance. *Scobie* v. *Idarola,* 155 Conn. 22, 23. In the light of these general criteria, we proceed to examine the Angelicas' eligibility for a variance.

At the outset, it may be observed that defendants Angelica purchased the land with knowledge, or reason to know, that the premises involved were in a zone limited to one-family residences. Having thus purchased with knowledge, express or implied, they cannot be deemed to present a valid case of exceptional difficulty or unusual hardship, since they were aware, in law or in fact, of the zoning restriction prior to taking title to the premises. *M. & R. Enterprises, Inc.* v. *Zoning Board of Appeals,* 155 Conn. 280, 282; see *Baccante* v. *Zoning Board of Appeals,* 153 Conn. 44, 48. As was said in *Celentano* v. *Zoning Board of Appeals,* 136 Conn. 584, 587: "Furthermore, the hardship, if such it may be called, did not originate in the ordinance. The defendants have

brought it on themselves. They leased the adjoining store with full knowledge of the ordinance and of the prohibitions it contained."

Proceeding from the date of purchase to the time of the instant application, the case of defendants Angelica is still not a valid one. It is clear from the record that the Angelicas' efforts to convert the two homes for multifamily use arose principally from their desire to increase their income from the parcel. They made no showing whatsoever that strict application of the regulation, and the resulting confinement to one-family use, would be confiscatory or would effectively destroy the economic utility of the parcel. *Culinary Institute of America, Inc.* v. *Board of Zoning Appeals,* 143 Conn. 257, 261. In this connection, it is settled that financial disappointment alone, or deprivation of the possibility of increased income, is not enough to support a variance. *Carlson* v. *Zoning Board of Appeals,* 158 Conn. 86, 90; *Dolan* v. *Zoning Board of Appeals,* 156 Conn. 426, 430; *Longo* v. *Board of Zoning Appeals,* 143 Conn. 395, 398.

The strongest argument that defendants Angelica presented at the hearing was the potentially attractive exterior, if they were to complete the remodeling of the two older structures for multifamily use. This planned final result, however commendable, in and of itself falls far short of meeting the prescribed requirements for granting a variance from the zoning regulations.

If, in fact, there were difficulties or hardships to be sustained by defendants Angelica as a result of denial of the variance, they were not "exceptional" difficulties, or "unusual" hardships, as defined in the regulations. On this phase, the court concludes that the board's findings of "hardship" and "practical difficulty" were not supported by credible evi-

dence and were made contrary to the applicable zoning regulation. As to the third conclusion of the board, to wit, ". . . and will in no way change the character of the neighborhood," this condition is not contained in the zoning regulations. It has little significance in connection with the basic determination of the legality of the variance.

Finally, chapter 7, § 2 (B), of the Milford zoning regulations provides that, when a variance is granted, the minutes of the board must contain a written finding stating specifically "(1) the special circumstances, described in detail, that attach to the property but do not generally apply to other property in the neighborhood and have not resulted from any act of the applicant subsequent to the adoption of the part of these Regulations from which a variance is requested and that constitute the hardship; (2) that relief can be granted without detriment to the public welfare or impairment of the integrity of these Regulations, and that the variance granted is the minimum necessary to relieve the hardship."

The terse conclusion of the board, previously described, completely fails to satisfy the requirement of the detailed finding contained in the regulations and constitutes an additional ground for invalidating the grant of the variance. *Carlson* v. *Zoning Board of Appeals,* supra. In *Gregorio* v. *Zoning Board of Appeals,* 155 Conn. 422, 428, the court said: "The board granted the variance without a finding of any kind, and, of course, without stating its reasons for the action. In so doing it completely ignored the requirements of the regulations. The trial court was correct in refusing to approve the action of the board in granting the variance."

There was insufficient evidence to support a finding of "exceptional difficulty" or "unusual hard-

ship," and defendants Angelica failed to sustain their burden of proof. It is, therefore, concluded that the board's grant of a variance was arbitrary, illegal, and in abuse of its discretion.

The plaintiffs' appeal is hereby sustained.