ROYAL B. WELLS *v.* ZONING BOARD OF APPEALS
OF THE CITY OF SHELTON ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued December 12, 1979—decision released April 1, 1980

*Dwight F. Fanton,* with whom was *Raymond A. Garcia,* for the appellant (plaintiff).

*Bruce M. Killion,* with whom, on the brief, were *Gregory C. Willis* and *Frederick W. Christie,* for the appellee (named defendant).

*John W. Colleran,* for the appellees (defendants Nicholas Conti et al.).

BOGDANSKI, J. In 1977, the individual defendants, as owners of two separately acquired but contiguous parcels of land, one consisting of approximately twelve acres and the other of thirteen acres, filed an application for a certificate of approval with the Shelton zoning board of appeals.[1] Following a public hearing, the defendant board granted the application of the individual defendants "for [a] certificate of approval for relocation of 110 existing mobile home sites, all entirely within an existing trailer park and to create 16 additional conforming sites, to be located on the property of the applicants at 501 Bridgeport Avenue."[2]

The plaintiff, as an abutting land owner, appealed to the Superior Court from the action of the defendant board. The trial court found that the board had not acted illegally or in abuse of its discretion in granting the application and dismissed the appeal. After a petition for certification had been granted, the plaintiff appealed to this court.

---

[1] "#1277-5 — Nicholas Conti of Stratford and David A. Einbinder of Woodbridge, Trustee for Nicholas Conti, for certificate of approval for relocation of 110 existing mobile home sites, all entirely within an existing trailer park and to create 16 additional conforming sites, to be located on the property of the applicants at 501 Bridgeport Ave., partially 1A2 and partially LIP Zone."

[2] In 1975, the defendant board had granted the individual defendants a variance to permit the relocation of 107 trailer sites, but had specified that the permit had to be used within two years of its granting. Since an appeal taken by another abutting land owner had not been resolved at the time the permit by its own terms expired, the individual defendants filed the application which is the subject matter of this appeal.

The dispositive issue is whether the defendants sustained their burden of establishing that in 1966, when the zoning regulation prohibiting the operation of trailer parks was enacted, the land on which the trailer park was being operated consisted of twenty-five acres and that there were 126 prepared and usable trailer sites on the subject premises. Absent such proof, there can be no legal basis to support the action of the board and the decision of the trial court.

In August of 1966, the city of Shelton enacted zoning regulations which specifically prohibited the use of trailer parks, except that any trailer park then lawfully existing could be continued subject to the following requirements: "a. The trailer park shall include only those trailer sites which, on the effective date of this Paragraph, were prepared and usable and were provided with improved access and a piped central water supply system. b. Within 60 days after the effective date of this Paragraph, the owner of the trailer park shall present to the Zoning Enforcement Officer a statement signed by the Lower Naugatuck Valley District Public Health Department certifying that satisfactory provision has been made for water supply, sewage disposal and refuse collection for all of the trailer sites in the trailer park." The regulations also provide that upon their effective date, the "Zoning Enforcement Officer shall make a survey of all trailer parks in the City of Shelton to determine the number of prepared and usable trailer sites in each park." The required survey was not conducted until 1976. The Shelton zoning regulations also prohibit the enlargement of any nonconforming use and provide that a nonconforming use which is changed to a conforming use or one that is less nonconforming

cannot be subsequently changed back to a non-conforming use. The effective date of all of the foregoing regulations was August 5, 1966.

It is conceded that in 1966, at the time the relevant zoning regulations were enacted, a trailer park was being operated at "501 Bridgeport Avenue." What is disputed is the size of that trailer park and the number of trailer sites which it contained.

The evidence before the board as to the location and number of trailer sites was as follows: (1) testimony by the zoning enforcement officer that in 1976 there were 110 trailer sites on what he believed to be the twelve acre portion of the subject premises; (2) a permit issued in 1974 by the state of Connecticut real estate commission for 126 trailer sites at 501 Bridgeport Avenue; (3) testimony of an abutting land owner that the tax records and a survey prepared at the direction of the board of aldermen indicated that there were seventy-one trailer sites on the subject properties in 1966; (4) a map prepared in 1974 showing the twenty-five acre tract divided into two distinct parcels, of which approximately 110 rectangles appear on the twelve acre portion and eighteen on the thirteen acre portion;[3] (5) testimony that the defendant board had granted an application for a used car lot on the thirteen acre portion of the subject premises and that that portion had never been used for a trailer park.[4] There was also evidence that the individual

[3] The numbers on the rectangles on the twelve acre parcel are unrelated to the number of rectangles shown. The rectangles on the thirteen acre parcel are not numbered.

[4] This testimony was given in opposition to the 1975 application. A transcript of the 1975 hearing before the defendant board was introduced as an exhibit at the 1977 hearing.

defendants acquired title to the two parcels of land which comprise the twenty-five acres at different times in 1974.

From the record before the board, it is impossible to determine what the situation was with respect to either the existence or location of complying sites on the effective date of the relevant zoning regulations. Because the evidence does not support a finding that in August of 1966, there existed 126 prepared and usable trailer sites on the twenty-five acre parcel of land, it was beyond the power of both the zoning and planning commission and the zoning board of appeals to issue a certificate of zoning compliance.[5] Therefore, contrary to the determination of the court below, we conclude that the defendants' application must be treated as a request for a variance. Clearly, an enlargement of a nonconforming trailer park was being sought both in terms of area and number of trailer sites.

Because a variance was, in fact, being sought, it was incumbent upon the defendants to establish that the enlargement requested was permitted under the provisions of the governing zoning regulations.[6]

---

[5] Under Shelton's zoning regulations, an application for a certificate of zoning compliance must be approved by the planning and zoning commission before "[any] land, building, or other structure or part thereof, or use thereof, shall be occupied, changed in use, constructed, reconstructed, enlarged, extended, moved or structurally altered." An application may be approved only when the proposed use conforms to all of the requirements of the zoning regulations. The zoning and planning commission ruled that it did not have jurisdiction to act upon the individual defendants' 1975 application for a certificate of zoning compliance. In 1977, the individual defendants went directly to the defendant zoning board of appeals with their application.

[6] Section 4.1 of the Shelton zoning regulations provides as follows: "The Zoning Board of Appeals shall have all the powers and duties

*Bogue* v. *Zoning Board of Appeals,* 165 Conn. 749, 754, 345 A.2d 9 (1974) ; *Scobie* v. *Idarola,* 155 Conn. 22, 23, 229 A.2d 361 (1967). The Shelton zoning regulations, however, as noted above, not only expressly prohibit the enlargement of any nonconforming use, they also provide that a nonconforming trailer park shall consist of only those trailer sites which were prepared and usable on the effective date of the regulations. There is nothing in the zoning regulations which gives the board authority to grant a variance to a nonconforming trailer park.[7]

Clearly, the regulations in question are designed to protect the right of a trailer park owner to continue only the same use of his property as it existed before the adoption of the zoning regulations. It is also clear that the purpose of the zoning regula-

prescribed by these Regulations and the General Statutes of the State of Connecticut . . . ."

Section 8-6 of the General Statutes provides in relevant part: "The zoning board of appeals shall have the following powers and duties:  . . . (3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, *provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed. . . ."* (Emphasis added.)

[7] While it is true that a zoning board of appeals may have the statutory authority to grant variances under certain circumstances, it is clear that this statutory authority may be limited by zoning regulations which specify the extent to which uses shall not be permitted by variance in areas in which such uses are not otherwise allowed. See footnote 6. Such is the case here.

tions is to seek the elimination rather than the enlargement of nonconforming uses. *Raffaele* v. *Planning & Zoning Board of Appeals,* 157 Conn. 454, 458, 254 A.2d 868 (1969); *Baccante* v. *Zoning Board of Appeals,* 153 Conn. 44, 47, 212 A.2d 411 (1965). The board's decision held, in effect, that the present nonconforming use could be extended to an additional area and enlarged to include additional trailer sites. In so ruling, the board exceeded its authority. Because the defendant board lacked the authority to grant the requested variance, the plaintiff's appeal must be sustained.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.