[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the denial of a variance by the Milford Zoning Board of Appeals because a motion to approve the application failed to obtain four affirmative votes. The property owners-applicants, Gregory B. Hoffman and Famah S. Hoffman, filed an application in June 1988 to obtain a variance for construction that had already occurred on their property. The variances requested were to allow a second floor deck and an elevated walkway as constructed on an existing residence on the subject property. The plaintiff requested variances of the side yard setback requirement in section 3.1.4.1 of the Milford Zoning Regulations, which sets a 10 foot setback distance from the side property line. The second floor addition was 1.6 feet from the side line. The total side yard setback on both sides of the property was 11.35 feet, which did not meet the 15 foot requirement in the regulations. The elevated walkway required a variance of the setback from 10 feet to 5 feet 4 inches. Variances were also requested to reduce the front yard setback from 10 feet to 5 feet four inches for the second floor deck and to about 3 feet for the deck and walkway.
A public hearing was held on the application on July 12, 1988. The defendant Zoning Board of Appeals (Board) held a business meeting on the same night after the public hearing. A motion to approve the application was made, followed by discussion of the requested variances by the Board members. No reasons were assigned for the motion to approve the application, which received three affirmative and two negative votes. The variances were denied because they did not receive four affirmative votes as required by section 8-7
of the General Statutes. CT Page 1718
The plaintiffs are the owners of the subject property and are aggrieved by the denial of their variance application. Rogers v. Zoning Board of Appeals, 154 Conn. 484,488.
In order for a zoning board of appeals to grant a variance under section 8-6(3) of the General Statutes, two conditions must be met: (1) the variance must be shown not to substantially effect the comprehensive zoning plan and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v. Zoning Board of Appeals, 206 Conn. 362, 368; Smith v. Zoning Board of Appeals, 174 Conn. 323, 326; Spencer v. Zoning Board of Appeals, 15 Conn. App. 387, 389. Hardship is a condition precedent to the granting of a variance. Nash v. Zoning Board of Appeals, 165 Conn. 576, 577. The applicant has the burden of proof on the issue of hardship. Scobie v. Idarola, 155 Conn. 22, 23. The hardship which justifies a zoning board of appeals in granting a variance must be one that originates in the zoning ordinance, and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved. Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 658. Absent a situation amounting to confiscation, a financial loss to the applicant is not the proper basis for a variance, and does not constitute hardship. Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 239; Spencer v. Zoning Board of Appeals, supra, 342. More important, where a hardship is self-created the zoning board of appeals cannot properly grant a variance. Pollard v. Zoning Board of Appeals,186 Conn. 32, 39, 40; Abel v. Zoning Board of Appeals, 172 Conn. 286,289.
In this case the motion to approve did not assign any reasons and, more important, did not state that there was any hardship shown by the applicants. The two board members who voted against the application also did not give reasons, other than personal comments, why the variance should be denied. If the board fails to give reasons for its action or if its reasons are inadequate, the court must search the record to determine whether a basis exists for the action taken. Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729,732; Ward v. Zoning Board of Appeals, 153 Conn. 141,144. Only the reasons which motivated the board as a collective body should be considered and not the individual reasons of board members. Morningside Ass'n v. Planning Zoning Board, 162 Conn. 154, 156. CT Page 1719
No matter what reasons are given, it is clear that a zoning board of appeals cannot grant a variance without a showing of hardship. Nash v. Zoning Board of Appeals, supra, 577. There was already an existing building on the property before the plaintiffs constructed the deck and the walkway. The construction occurred in violation of the zoning regulations and is a classic case of self-created hardship. The board did not make a finding of hardship, and it is apparent from the record that a legal hardship did not exist.
The appeal is dismissed.
ROBERT A. FULLER, JUDGE