[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Joel Garrett, appeals from a decision of the defendant, Zoning Board of Appeals for the Town of Groton [Board], upholding the defendant Zoning Official Peter Vandenbosch's granting of a zoning permit to defendant, George Negro, following a fair hearing held pursuant to § 8-7 of the General Statutes.
The Board acted pursuant to § 8-6 of the General Statutes and § 8.5-8 of the Town of Groton's Zoning Regulations.
The plaintiff appeals pursuant to § 8-8 of the General Statutes.
On May 26, 1992, the New London Day newspaper published the Board's decision upholding Vandenbosch's granting of a zoning permit to Negro. (Return of Record [ROR], Item 3.)
On June 1, 1992, the plaintiff left a true and attested copy of the process with Barbara Tarbox, Town Clerk of the Town of Groton. (Sheriff's Return.) That same day, the plaintiff also served Vandenbosch. (Sheriff's Return.) The plaintiff served the Board on June 3, 1992, by leaving a true and attested copy of the process with Edward Stebbins, Chairman of the Board. (Sheriff's Return.)
On June 5, 1992, the plaintiff filed his appeal of the Board's decision, along with the citation and recognizance. CT Page 5630 The plaintiff named the Board and Vandenbosch as parties. The plaintiff did not name Negro as a party to the appeal. On June 8, 1992, however, the plaintiff left a true and attested copy of the process for Negro with his secretary, Joyce Pecor. (Amended Sheriff's Return.) The Board and Vandenbosch filed the return of record with the clerk's office on September 17, 1992, and filed an answer on September 18, 1992. The plaintiff filed his brief on November 4, 1992. The Board and Vandenbosch filed their brief on April 1, 1993.
On May 10, 1993, the plaintiff filed a motion to cite in Negro as a defendant. The court granted the motion on May 24, 1993. The plaintiff served Negro on June 2, 1993.
On December 16, 1991, Negro filed application #92-3 with the Board seeking a variance of § 5.1-3, Table of Permitted Uses, of the Zoning Regulations of the Town of Groton. (ROR, Item 6.) Negro wanted to replace an existing mobile home with a larger, new mobile home. (ROR, Item 6.) Negro specified in his application that all correspondence should be made to the High Rock Corporation at 209 High Rock Road, Groton, CT. (ROR, Item 6.)
On January 8, 1992, the Board approved Negro's variance application. (ROR, Item 6.) On January 10, 1992, notice was sent to the High Rock Corporation. (ROR, Item 6.)
On February 5, 1992, Vandenbosch, pursuant to § 8.1-2 of the zoning regulations, issued zoning permit #M571 to the High Rock Corporation to locate and install a Skyline Bay Springs mobile home measuring seventy by forty feet. (ROR, Items 6 and 8.) Section 8.1-2 states that "[n]o building or structure shall be erected, added to, or structurally altered and no use shall be established until a Zoning Permit has been issued by the Zoning Official. All applications for such permits shall be in accordance with the requirements of these regulations."
On March 11, 1992, the Board held a public hearing to consider whether Vandenbosch erred in issuing a zoning permit to Negro to locate and install a mobile home dwelling unit. (ROR, Items 1 and 5.) The Board continued the hearing to April 8, 1992 and April 22, 1992. (ROR, Items 2 and 5.) In a meeting on May 13, 1992, the Board upheld Vandenbosch's issuance of permit #M571. (ROR, Items 2 and 5.) The only CT Page 5631 reason listed by the Board in its "Record of Decision" was that the "Board found issuance of permit to be valid." (ROR, Item 5.)
The Connecticut Supreme Court has stated that "`[a] statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" (Citation omitted.) Bridgeport Bowl-O-Rama, Inc. v.Zoning Board of Appeals, 195 Conn. 276, 283, 487 A.2d 559
(1985).
A person must be aggrieved in order to have standing bring an administrative appeal. New England RehabilitationHospital, Inc. v. CHHC, 226 Conn. 105, 220, 627 A.2d 1257
(1993). A party in a zoning appeal is statutorily aggrieved if that party owns "land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the Board." General Statutes § 8-8(a)(1).
At the hearing before this court, the plaintiff submitted a certified copy of a deed and an assessor's map showing that he owns land at 1188 North Road in Groton that abuts defendant Negro's land at 1214 Gold Star Highway in Groton. (Exhibit A, Certified Copy of Garrett's Land Deed and Exhibit B, Assessor's Map of Town of Groton.) Furthermore, the Board also agrees that the plaintiff is statutorily aggrieved. (Defendant's Memorandum of Law, p. 1.) The court finds that the plaintiff is aggrieved.
General Statutes § 8-8(b) states that "[t]he appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes."
The New London Day newspaper published notice of the Board's decision on May 26, 1992. (ROR, Item 3.) The plaintiff served Tarbox and Vandenbosch on June 1, 1992 and the Board on June 3, 1992. (Sheriff's Return.) The plaintiff also served Negro on June 8, 1992. (Sheriff's Return.) The plaintiff's appeal is timely.
The Connecticut Supreme Court has recently restated the scope of judicial review for the actions of a zoning board of appeals. CT Page 5632
 "In reviewing the actions of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal. . . . The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant."
(Citations omitted.) Francini v. Zoning Board of Appeals,228 Conn. 785, 791, ___ A.2d ___ (1994).
"[F]ollowing an appeal from the action of a zoning [official] . . . to a zoning board of appeals, a court reviewing the decision of the zoning board of appeals must focus, not on the decision of the zoning [official] . . ., but on the decision of the board and the record before the board."Caserta v. Zoning Board of Appeals, 226 Conn. 80, 82,626 A.2d 724 (1993). Where a board does not state the reasons for its decision, "the trial court must search the record to find a basis for the action taken." A.P. W. Holding Corporation v.Planning Zoning Board, 167 Conn. 182, 186, 355 A.2d 91
(1974). See also DeBeradinis v. Zoning Commission, 228 Conn. 187,198-99, n. 7, ___ A.2d ___ (1994) (noting that "[w]e have consistently held that it is the duty of a reviewing court to search the record before it for evidence supporting the decision of a local zoning board." (Citations omitted.)).
The plaintiff claims that the Board lacked jurisdiction to grant Negro a variance allowing Negro to enlarge a nonconforming use, i.e., to replace an existing mobile home with a larger, new mobile home. The plaintiff also claims that because the Board lacked jurisdiction to grant the variance, the zoning permit Vandenbosch issued to Negro based on the variance is invalid. The plaintiff further claims that because the zoning permit is invalid, the Board's decision to uphold Vandenbosch's issuance of the permit to Negro was improper. The plaintiff characterizes his appeal as a direct CT Page 5633 attack on the zoning permit, rather than a collateral attack on the variance, because he is only asking the court to review the variance "on its face." (Plaintiff's Memorandum of Law, p. 13.)
The Board claims that the plaintiff is collaterally attacking the variance. In particular, the Board claims that the plaintiff cannot collaterally attack the variance by challenging the validity of the zoning permit because the plaintiff failed to appeal the variance decision within the statutorily required fifteen day period.
"[A] collateral attack is an attack upon a judgment, decree or order offered in an action or proceeding other thanthat in which it was obtained, in support of the contentions of an adversary in the action or proceeding, as where the judgment is offered in support of a title or as a foundation for applying the doctrine of res judicata." (Emphasis in original.) Gennarini Const. Co., Inc. v. Messina Painting Decorating Co., 15 Conn. App. 504, 511, 545 A.2d 579 (1988). Although "certain actions of zoning authorities may be attacked in an independent action after the time period for an appeal has passed[,]. . . . [t]he application of this principle . . . has generally been confined to cases of defective statutorily required published notice to the public." Upjohn Co. v. ZoningBoard of Appeals, 224 Conn. 96, 101, 616 A.2d 793 (1992).
Moreover, in zoning law, "a municipality's zoning powers are limited by the zoning statutes and the municipality's zoning regulations." Id., 100. Where a board lacks authority to issue a variance, the court may invalidate the variance on direct appeal. See Wells v. Zoning Board ofAppeals, 180 Conn. 193, 199, 429 A.2d 467 (1980); Hyatt v.Zoning Board of Appeals, 163 Conn. 379, 386, 311 A.2d 77
(1972).
The Connecticut Supreme Court recently decided UpjohnCo. v. Zoning Board of Appeals, a zoning case directly on point with the present one. 224 Conn. 96, 616 A.2d 793 (1992). InUpjohn, the local planning and zoning commission granted Upjohn's three permit applications, subject to twenty conditions. Id., 98. Three years later, after the time for a statutorily authorized direct appeal had run, Upjohn, in an appeal of a zoning officer's enforcement action, attacked the validity of a condition the commission had imposed. Id., 102. Upjohn claimed that the commission lacked jurisdiction to CT Page 5634 impose the condition on the permit and thus the condition was void. Id., 99. In Upjohn, the court based its decision on considerations of reliance., fairness and finality. Id., 102-04.
The court stated that in zoning, there is a "need for stability in land use planning and the need for justified reliance by all interested parties — the interested property owner, any interested neighbors and the town — on the decisions of the zoning authorities." Upjohn Co. v. Zoning Board ofAppeals, supra, 224 Conn. 102. In recognizing the importance of reliance, the Connecticut Supreme Court has "uniformly held that failure to file a zoning appeal within the statutory time period deprives the trial court of jurisdiction over the appeal." (Citations omitted.) Id. Moreover, "`when a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test.'" (Citations omitted.) Id. In addition, the court has "ordinarily recognized that the failure of a party to appeal from the action of a zoning authority renders that action final so that the correctness of that action is no longer subject to review by a court." (Citations omitted.) Id. Furthermore, the court in Upjohn stated that "[i]t would be fundamentally unfair to the town and to its citizens, to permit Upjohn to lull the town into inaction and take advantage of that delay by allowing Upjohn to challenge condition seven at this late date." Id., 103.
Lastly, the court stated that "although . . . [the plaintiff's] claim rests on a perceived lack of subject matter jurisdiction . . . there are limits to the notion that subject matter jurisdictional defects may be raised at any time."Upjohn Co. v. Zoning Board of Appeals, supra, 224 Conn. 103. "The modern law of civil procedure suggests that even litigation about subject matter jurisdiction should take into account the importance of the principle of the finality of judgments, particularly when the parties have had a full opportunity originally to contest the jurisdiction of the adjudicatory tribunal." (Citations omitted.) Id., 104.
The court in Upjohn, recognizing the importance of finality, stated that "where the lack of jurisdiction is not entirely obvious, the critical considerations are whether the complaining party had an opportunity to litigate the question CT Page 5635 of jurisdiction in the original action, and if he did have such an opportunity, whether there are strong policy reasons for giving him a second opportunity to do so." (Citations omitted.) Id. The court also noted that it does "not agree that . . . whether a condition may be collaterally attacked depends . . . on whether the challenge is viewed as being to the agency's jurisdiction or to the proper exercise of its jurisdiction. . . ." Id., 104 n. 6. indeed, "the considerations of reliance, fairness and finality . . . do not turn on such conceptual differences." Id.
The court in Upjohn did not rule out all collateral attacks in the area of zoning. Id., 104-05. The court noted that there may be exceptional cases where a zoning board's action "was so far outside what could have been regarded as a valid exercise of zoning power that there could not have been any justified reliance on it, or in which the continued maintenance of . . . [the Board's action] would violate some strong public policy." Id.
By definition, the plaintiff is collaterally attacking the variance. The plaintiff is seeking to attack the propriety of the granting of the permit based upon the granting of a variance that the plaintiff could have appealed but never did. The plaintiff cannot attack the Board's action regarding the variance after the statutory time period because he has not alleged a notice defect. Moreover, the policy considerations of reliance, fairness and finality weigh against allowing the plaintiff a second opportunity to litigate the question of the Board's jurisdiction to grant Negro the variance.
The plaintiff cites Hyatt v. Zoning Board ofAppeals, supra, and Wells v. Zoning Board of Appeals, supra, in his Memorandum of Law in support of his claim that the Board lacked jurisdiction to grant Negro a variance to replace an existing mobile home with a larger, new mobile home. The present case is distinguishable from Hyatt and Wells because, unlike the present case, they involved timely direct appeals of decisions granting variances where the board lacked authority to issue the variances.
Furthermore, the plaintiff's sole claim on appeal is an improper collateral attack on the validity of the variance. The plaintiff does nor make any other claims regarding the propriety of the Board's upholding of the issuance of the CT Page 5636 zoning permit. Negro's zoning permit satisfied the requirements of § 8.1-2, Zoning Permits, of the Town of Groton's Zoning Regulations. Negro's application was accompanied by "such information and exhibits as are required . . . in order that the proposal of the applicant may be adequately interpreted and judged as to its conformity with the provisions set forth in these regulations." (ROR, Item 8.) Also, Negro's permit application included "a certification that the lot is on record by map or by deed, including the date of the recording. . . ." (ROR, Item 8.) The Board's decision to uphold Vandenbosch's granting of a zoning permit to Negro conformed to the requirements of § 8.1-2 and therefore was not unreasonable, arbitrary or illegal.
For all of the foregoing reasons, the plaintiff's appeal is dismissed.
Austin, J.