[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Shell Oil Company (Shell), appeals from a decision of the defendant, the Planning and Zoning Commission of Westport (Commission), in which the Commission modified and approved Shell's application for site plan approval.
BACKGROUND
On March 14, 1995, Shell applied to the Commission for site plan approval to modernize and upgrade the Greens Farm gas station located at the corner of Maple Avenue South and the Post Road East in Westport, Connecticut. (Return of Record [ROR], Item 20.) The application sought approval for construction of a canopy and general site improvements to lighting, landscaping and driveway entrances. (ROR, Item 20.) The application also sought approval for construction of an additional gas pump island. (ROR, Item 20.)
On July 27, 1995, the Commission opened the public hearing on Shell's application. (ROR, Item 61.) Additional hearings were held on August 3, 1995 and August 9, 1995. (ROR, Item 61, 67.)
On September 14, 1995, the Commission modified and approved Shell's application. (ROR, Item 67.) The site plan was approved with the exception of the construction of the additional gas pump island. (ROR, Item 67.) The Commission determined that "the additional [gas pump] island is considered to be an expansion of a non-conforming use which is not permitted by the regulations, as per § 6-1.2." (ROR, Item 67.)
Since on or about September 27, 1955, Shell has been the lessee of the subject property. (ROR, Item 48.) The station was operated as a gasoline filling station until July 5, 1956, when CT Page 2 the Zoning Board of Appeals (ZBA) granted approval to Shell to operate pursuant to a repairer's license. (ROR, Item 2.)
Thereafter, the Westport Zoning Regulations were amended and the area where the subject property is situated was designated as a Business District. In December 1961, the Commission amended the zoning regulations to restrict the use of "gasoline filling station[s], automobile service establishment[s] and repair garage[s]" in Business Districts. (ROR, Item 4.) As a result, Shell's use of the subject premises as a gasoline filling station and repair center became nonconforming.
In 1990, the ZBA granted a variance to Shell to permit the construction of a second gas pump island on the subject premises. The variance expired, however, when Shell failed to execute the proposed changes within one year of the granting of the variance. Since then the zoning regulations were amended in such a manner as to prohibit the ZBA from granting a similar variance to Shell.[1]
 AGGRIEVEMENT
General Statutes § 8-8 governs appeals taken from the decisions of the Planning and Zoning Commission. In order to take advantage of a statutory right of appeal, the appellant must strictly comply with the statutory provisions that create such a right. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377,538 A.2d 202 (1988). Failure to comply with the statutory provision will result in dismissal of the appeal. Id.
"General Statutes §§ 8-8 and 8-9 permit appeals from a decision of a planning and zoning commission only by one `aggrieved' by a contested decision." Primerica v. Planning andZoning Commission, 211 Conn. 85, 92, 558 A.2d 646 (1989). Aggrievement is a jurisdictional requirement and a prerequisite to maintaining an appeal. Winchester Woods Association v.Planning and Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953
(1991). At a hearing conducted on August 16, 1996, the court determined that Shell was an aggrieved party.
TIMELINESS AND SERVICE OF PROCESS
General Statutes § 8-8 (b) provides that an appeal must be commenced within 15 days from the date that notice of the decision is published. The decision of the Commission was CT Page 3 published in The Westport News on September 29, 1995. (ROR, Item 68.) This appeal was commenced by service of process on the Chairman of the Westport Planning and Zoning Commission and the Town Clerk of Westport on October 5, 1995. Therefore, this appeal was commenced in a timely manner upon the proper parties pursuant to General Statutes §§ 8-8 (b) and 8-8 (e).
SCOPE OF REVIEW
"In ruling upon a site plan application, the planning commission acts in its ministerial capacity, rather than its quasi-judicial or legislative capacity. It is given no independent discretion beyond determining whether the plan complies with the applicable regulations. Kosinski v. Lawlor,
[177 Conn. 420, 426-27, 418 A.2d 66 (1979)]. The board is under a mandate to apply the requirements of the regulations as written. If the plan submitted conforms to these regulations, the council has no discretion or choice but to approve it. . . . While a commission has limited discretion when acting in an administrative capacity . . . it does have discretion to resolve debatable questions of fact, and on appeal the issue is whether the agency's decision on factual questions is reasonably supported by the record, in which case the court should not substitute its judgment for that of the commission." (Citations omitted; internal quotation marks omitted.) Roraback v. Planning Zoning Commission, 32 Conn. App. 409, 412, 628 A.2d 1350, cert. denied, 227 Conn. 927, 632 A.2d 704 (1993).
The appropriate standard of review of a zoning commission's finding that a proposed use represents an illegal expansion of a prior nonconforming use is whether that finding is supported by substantial evidence in the record. Zachs v. Zoning Board ofAppeals, 218 Conn. 324, 330, 589 A.2d 351 (1991). "[T]he court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations." West Hartford Interfaith Coalition, Inc.v. Town Council, 228 Conn. 498, 513, 636 A.2d 1342 (1994).
"The burden of proof is on the plaintiff to demonstrate that the [commission] acted improperly." Spero v. Zoning Board ofAppeals, 217 Conn. 435, 440, 586 A.2d 590 (1991).
ARGUMENTS
CT Page 4
Shell argues that the Commission erred in determining that the installation of an additional gas pump island represents an impermissible extension of a nonconforming use in violation of section 6-1.2 of the Westport Zoning Regulations. Shell contends that the installation represents a permissible intensification of a nonconforming use.
The Commission argues that it correctly determined that the installation of an additional gas pump island represents an extension of a nonconforming use. The Commission further argues that should the court sustain Shell's appeal, the application should be remanded to the Commission for approval of the site plan to include the additional gas pump island.
A nonconformity is defined as a "use or structure prohibited by the zoning regulations but . . . permitted because of its existence at the time that the regulations are adopted."Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 710,535 A.2d 799 (1988).
Nonconforming uses are protected by statute. General Statutes § 8-2 provides that zoning regulations: "shall not prohibit the continuance of any nonconforming use, building or structure, existing at the time of the adoption of such regulations." "It is a general principle in zoning that nonconforming uses should be abolished or reduced to conformity as quickly as the fair interest of the parties will permit." Connecticut ResourcesRecovery Auth. v. Planning Zoning Commission, 225 Conn. 731,740, 626 A.2d 705 (1993). "In no case should they be allowed to increase." Bauer v. Waste Management of Connecticut, Inc.,234 Conn. 221, 243, 662 A.2d 1179 (1995). "Nevertheless, the rule concerning the continuance of a nonconforming use protects the `right' of a user to continue the same use of the property as it existed before the date of adoption of the zoning regulations."Helbig v. Zoning Commission, 185 Conn. 294, 306, 440 A.2d 940
(1981). "Where a nonconformity exists, it is a vested right which adheres to the land itself." Petruzzi v. Zoning Board of Appeals,176 Conn. 479, 483, 408 A.2d 243 (1979). Ultimately, "[t]he legality of an extension of a nonconforming use is essentially a question of fact." (Internal quotation marks omitted.) Cummingsv. Tripp, 204 Conn. 67, 84, 527 A.2d 230 (1987).
Upon careful review of the record, this court concludes that the Commission's determination that the proposed additional gas pump island represents the impermissible expansion of a CT Page 5 nonconforming use, is reasonably supported by substantial evidence in the record.
"The general rule is that an owner of a nonconformity can continue any use, and the use of any structure, that was established prior to the adoption of a restricting regulation, but neither use nor structure may be changed." T. Tondro, Connecticut Land Use Regulation (2nd. Ed. 1986) p. 158. "If an increase in the volume of a nonconforming use requires structural alterations of a building or additional improvements to the land, provisions of the [local zoning regulations] . . . may limit or deny them. That the use is unchanged, although increased, does not found a right in the user to expand his facility." 1 R. Anderson, American Law of Zoning (3d. Ed. 1992) § 6.38, p. 567. "An unlawful extension or enlargement of a nonconforming use may be effected by the addition of new equipment or facilities, or the enlargement thereof." Id., § 6.47, p. 598.
Section 6.1-2 of the Westport Zoning Regulations provides: "No non-conforming use of buildings, structures or land shall hereinafter be extended, expanded or relocated on the same lot."
Shell argues that the proposed additional gas pump island represents a permissible intensification of a nonconforming use pursuant to the supreme court holding in Zachs v. Zoning Board ofAppeals, 218 Conn. 324, 589 A.2d 351 (1991). In Zachs the court stated "`[w]e have previously held that a mere increase in the amount of business done pursuant to a nonconforming use is not an illegal expansion of the original use.' Helicopter Associates,Inc. v. Stamford, 201 Conn. 700, 716, 519 A.2d 49 (1986);Guilford v. Landon 146 Conn. 178, 183, 148 A.2d 528
(1954). . . ." Zachs, 331-332. In Zachs the court determined that the placement of eight additional antennae on an already existing radio broadcast tower represented an increase in the volume of business within the scope of the nonconforming use, Id., 333, and was therefore a permissible intensification of a non-conforming use.
Shell's reliance on Zachs is misplaced. Zachs involved the increased use of an existing structure with the eight additional antennae whereas this case involves the construction of anadditional structure. Shell's application proposes more than a mere increase in the volume of business. Shell seeks approval to build an additional structure which is specifically prohibited by section 6-1.2 of the Westport Zoning Regulations. The Zachs' CT Page 6 court allowance of an emergency generator also cannot be relied on by Shell. The nature of that generator as a "structure" is not similar to the additional structure proposed by Shell.
Shell also relies upon Hall v. Brazzale, 31 Conn. App. 342,349, 624 A.2d 916, cert. denied, 227 Conn. 905, 632 A.2d 691
(1993), wherein the appellate court stated that "more of the same, then cannot be the basis for a finding of unlawful expansion of a prior existing nonconforming use. It is, instead, the essence of a lawful intensification of a prior existing nonconforming use." In Hall the appellate court concluded that the storage of additional equipment and vehicles was a permitted intensification of a nonconforming use as a storage site for vehicles and equipment. Shell analogizes that since the additional gas pump island will be used to pump more gasoline pursuant to its prior nonconforming use, the application should be approved as a lawful intensification of a nonconforming use.
Shell's reliance on Hall is also misplaced. The principle that more of the same cannot represent an unlawful expansion, applies only to "more of the same use, not more of the same in the physical sense." (Emphasis in original.) Bauer v. WasteManagement of Connecticut Inc., 234 Conn. 221, 244 n. 14,662 A.2d 1179 (1995). Shell's application seeks approval for a new structure and not simply more of the same use. See also, Wells v.Zoning Board of Appeals, 180 Conn. 193, 198-99, 429 A.2d 467
(1980) (the addition of trailers to a nonconforming trailer park constitutes an illegal expansion of nonconforming use where local zoning regulation expressly prohibited enlargement of a nonconforming use); State v. Perry, 149 Conn. 232, 235,178 A.2d 279 (1962) (addition of refrigerated trailer to expand ice cream manufacturing facility deemed an expansion of a nonconforming use).
Where the change of use does not involve the addition of a new structure, courts have found permissible intensifications of the use, as long as the character of the use remains unchanged. See e.g., DiBlasi v. Zoning Board of Appeals, 224 Conn. 823, 833,624 A.2d 372 (1993) (no change in character of use from a business office to a state adult probation office); Planning andZoning Commission v. Craft, 12 Conn. App. 90, 97, 529 A.2d 90, cert. denied, 205 Conn. 804, 531 A.2d 938 (1987) (change from property owner's part-time, year-round use of a residence to full-time, year-round use represented lawful intensification because no change in character of use); State v. Szymanski,
CT Page 724 Conn. Sup. 221, 224-25, 189 A.2d 221 (1962) (parking of more vehicles at a nonconforming used car lot represents intensified use which does not change the character of the use). But, as previously indicated, such is not the case here. Shell seeks the addition of a new structure.
The Commission has approved the modernization of the facility to permit the installation of more efficient gas pumps to replace the pumps presently utilized in pursuit of the prior nonconforming use. "`The fact that improved and more efficient instrumentalities are utilized in pursuit if the use does not exclude it from the category of an `existing use,' provided these are ordinarily and reasonably adapted to make that use available to the owner, and the original nature and purpose of the undertaking remain unchanged.'" Zachs v. Zoning Board of Appeals, supra, 218 Conn. 331, quoting, DeFelice v. Zoning Board ofAppeals, 130 Conn. 156, 162, 32 A.2d 635 (1943). The Commission has not violated this tenet by modifying Shell's site plan application. The Commission simply refuses to approve the expansion of the nonconforming use by denying that portion of Shell's application seeking to build an additional structure in violation of section 6-1.2 of the Westport Zoning Regulations.
For the foregoing reasons, the court dismisses Shell's appeal.
HAUSER, J.