MARY G. STILLMAN *v.* ZONING BOARD OF APPEALS OF THE TOWN OF REDDING ET AL.
(9736)
(9737)

DALY, FOTI and LANDAU, Js.

Argued April 23—decision released September 3, 1991

*Michael N. LaVelle,* for the appellant in the first appeal (named defendant).

*Marylouise S. Black,* for the appellant in the second appeal (defendant Nancy H. Morgan).

*Thomas W. Beecher,* for the appellee (plaintiff).

FOTI, J. The defendants appeal from the judgment of the trial court reversing the defendant board's decision to grant a variance to the defendant homeowner, Nancy H. Morgan. Morgan sought a variance of coverage and setback regulations from the Redding zoning board of appeals (board) in order to build an addition onto her house. The plaintiff, who is an adjoining landowner, opposed this variance before the board, and took an appeal to the Superior Court after the variance was granted. The trial court held that the board did not have the authority to grant the variance and that Morgan failed to demonstrate a legally cognizable hardship, and, therefore, reversed the decision of the board.

Having been granted certification, the defendants appeal to this court claiming (1) that the board acted within its authority in granting the variance and (2) that a legally sufficient hardship existed on Morgan's property. We agree.

The board found the following facts. Morgan's property is rectangular in shape and faces the south side of South Lane in Redding. The lot is located in a two acre zone, but is a legally nonconforming one-half acre lot. Morgan's house is located on the east side of her property with a 26.9 foot setback at the western boundary of the plaintiff's lot. Morgan's garage is in the southeastern corner of her lot, between the house and

the boundary line. The garage is also a legal nonconformity. Morgan's septic tank is located to the south of the house, and her well was drilled to the west of the house.

This matter arose because Morgan proposed to construct an addition to her house in order to add a bathroom and a laundry room to the first floor. Morgan proposed to make these renovations because of her advancing age. This addition would enlarge the house by ninety-eight square feet by enclosing the currently recessed porch and by extending the east wall where the porch is located by 3.5 feet. The side yard setback would be reduced from 26.9 feet to 23.4 to facilitate this proposal. Morgan applied to the board, by application dated October 23, 1989, for a variance from § 4.6 of the Redding zoning regulations requiring a side yard setback of forty feet, and for a variance from § 3.13 of those regulations to allow the addition to a nonconforming use that will decrease the side yard setback. The board granted the variance and the plaintiff appealed to the Superior Court.

In the trial court, the plaintiff argued (1) that the board was without authority to grant a variance where the regulations prohibit the expansion of a nonconformity, and (2) that Morgan did not show a legally cognizable hardship. The court sustained the plaintiff's appeal, finding that the board did not have the authority to grant the variance and that no legally cognizable hardship existed. Citing *Grillo* v. *Zoning Board of Appeals,* 4 Conn. App. 205, 208, 493 A.2d 275 (1985), the court held that there was no hardship because Morgan failed to demonstrate "that the application of the regulation to the property greatly destroys its value for any of the uses to which it could reasonably be put and [that] the regulation, as applied, bears so little rela-

tionship to the purpose of zoning that, as to particular premises, the regulation has a confiscatory or arbitrary effect.''

The defendants first challenge the trial court's determination that the board did not have the authority to grant the variance. The plaintiff argues that the legislature's broad granting of power to local zoning boards of appeal was limited by the regulations promulgated by the local zoning commission regarding nonconforming uses.

General Statutes § 8-6 (3) empowers a zoning board of appeals "to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose . . . provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts where such uses are not otherwise allowed.''

In *Wells* v. *Zoning Board of Appeals,* 180 Conn. 193, 196–98, 429 A.2d 467 (1980), and *Johnny Cake, Inc.* v. *Zoning Board of Appeals,* 180 Conn. 296, 301, 429 A.2d 883 (1980), our Supreme Court construed zoning regulations that prohibited certain uses also to prohibit the issuing of variances for these uses. The plaintiff argues that these cases require by implication that the zoning regulations must explicitly authorize the issuance of variances before the zoning board of appeals can grant a variance that would expand a nonconforming use. The plaintiff reasons that because the zoning regulations from which Morgan sought a variance do not explicitly authorize the board to issue variances, the rule from *Wells* and *Johnny Cake, Inc.,* prohibits the board from varying these regulations. We do not agree.

To interpret *Wells* and *Johnny Cake, Inc.,* as broadly as the plaintiff suggests would violate the plain meaning of § 8-6. That statute grants broad powers to the

zoning board of appeals and limits those powers only when the zoning commission passes a regulation explicitly limiting the issuance of variances.

Although the Supreme Court construed the zoning regulations in *Wells* and in *Johnny Cake, Inc.,* to prohibit the respective zoning boards of appeals from issuing variances, the facts in this case make such a construction impossible. The town of Redding has a zoning regulation that delineates the zoning board of appeals' authority to grant variances. Section 6.6 (b) of the Redding zoning regulations specifies that the zoning board of appeals shall have the power to "determine applications for variance . . . [but] shall not allow the creation, expansion, extension or intensification of non-residential uses in Residential Zones." In light of this regulation and General Statutes § 8-6, we conclude that the board did have the authority to grant the variance sought by Morgan in this case.

The defendants' second claim is that a legally sufficient hardship existed on Morgan's property. The defendants argue that the trial court improperly reversed the board's decision to grant Morgan a variance because the trial court did not apply the proper standard. The trial court determined upon its review of the record that any difficulties suffered by Morgan did not constitute a legally recognized hardship. The trial court gave the following formulation of the test for the existence of a hardship: "Exceptional difficulty or undue hardship is established where a board could reasonably find that the application of the regulation to the property greatly destroys its value for any of the uses to which it could reasonably be put and where the regulation bears so little relationship to the purpose of zoning that, as to the particular premises, the regulation has a confiscatory or arbitrary effect." The trial court concluded that because the record is devoid

of evidence that the property has little or no value because of the setback regulations, no hardship has been shown.

The defendants argue that the test applied by the trial court is overly restrictive and is not the proper test for establishing hardship in this case. We agree.

The test applied by the trial court was adopted from *Grillo* v. *Zoning Board of Appeals,* supra. This test is used in the extreme situation where the application of a regulation renders property practically worthless, and that loss of value alone amounts to a hardship. See *Dolan* v. *Zoning Board of Appeals,* 156 Conn. 426, 431, 242 A.2d 713 (1968). Although satisfying this test is a valid means of establishing a hardship, it is not exclusive.

A variance may be granted if the literal enforcement of a regulation causes exceptional difficulty or hardship because of some unusual characteristic of the property. General Statutes § 8-6 (3); *Belknap* v. *Zoning Board of Appeals,* 155 Conn. 380, 383, 232 A.2d 922 (1967). To support the granting of a variance, a hardship must arise from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control. See *Whittaker* v. *Zoning Board of Appeals,* 179 Conn. 650, 658, 427 A.2d 1346 (1980); *Garibaldi* v. *Zoning Board of Appeals,* 163 Conn. 235, 238, 303 A.2d 743 (1972).

The defendants argue that a hardship exists on Morgan's property because of the location of the well and the septic system, and because of the size of the lot. The placement of these improvements prevents Morgan from building an addition to her house anywhere except on the east side, which is prohibited by the setback requirement. These unique conditions make

the setback regulation exceptionally burdensome and support the board's granting of the variance.

The trial court also found that any hardship that was present was personal to Morgan and, therefore, not legally cognizable. See *Garibaldi* v. *Zoning Board of Appeals,* supra, 240. We disagree.

The hardship claimed by the defendants arises from the configuration of Morgan's lot and the location of the well and the septic system. These conditions are not personal to Morgan and would exist no matter who owned the lot.[1]

The plaintiff argues, as an alternative ground for affirming the trial court, that because the well and septic systems were installed by Morgan, any hardship they impose was self-created. We agree with the trial court that because the installation of these improvements predates the zoning regulations, the hardship created by their location cannot be considered self-created.

The judgment is reversed and the case is remanded with direction to render judgment affirming the board's decision granting the variance.

In this opinion the other judges concurred.

---

[1] The trial court apparently believed that Morgan was claiming the circumstances regarding her advancing age as a hardship. It, therefore, found these circumstances to be personal and not capable of constituting a legally recognized hardship.