[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is the owner of land and buildings located at 103-105 Milford Point Road, Milford, Connecticut. The property in question consists of two single family dwelling houses located on a single undivided parcel of land. The plaintiff made application to the Zoning Board of Appeals to divide said parcel into two (2) separate lots to enable each house to be situated on its own lot. The plaintiff requested waivers of Sec. 2.5.5 and Sec. 3.1.4.1 of the Zoning Regulations pertaining to lot size and other pertinent regulations. The defendant submitted a denial under Section 2.5.5 and Section 3.1.4.1 of the Milford Zoning Regulations. A public hearing on the plaintiff's application was held on April 12, 1994 at which time the plaintiff's application was denied. Said denial was published as a legal notice in the Milford Citizen on April 15, 1994.
Section 2.5.5 of the Milford Zoning Regulations reads as follows:
2.5.5 Lot Access and Rear Lots: No Zoning Permit CT Page 1779 or Building Permit shall be issued for any building unless the lot, upon which such building is to be erected, fronts on a municipally acceptable street, on an accepted public street, or on a street in an approved subdivision; except that one allowable office, business, industrial, or other non-residential use in an applicable Zoning District, or one single family dwelling in an applicable District may be permitted on a lot of one or more acres, provided that a private means of access of at least fifty feet in width for such office, business, industrial, or other non-residential use, or for such office, or twenty five feet in width for such dwelling, as applicable, shall be provided to an accepted public street or street in an approved subdivision. Such rear lots shall have 150 foot minimum lot width and depth, exclusive of accessways, and shall be generally rectangular in shape. [*]The required lot area shall not include the area of the private means of access. This provision shall not be deemed to prevent the issuance of a Zoning Permit and Building Permit for farm or accessory buildings not designed or used for human occupancy. (Said access for such office, business, industrial, or other non-residential use shall not be included in the required area of the lot or any other lot effective 5/7/76.) Amended effective 5/8/93. [*](Effective 11/7/92)
Section 3.1.4.1 merely pertains to the lot size and regulations which have been waived on a previous hearing by allowing the non-conforming use of the property and existed prior to the zoning laws enacted by the Town of Milford.
The plaintiff claims she is aggrieved insofar as a hardship was created by the denial in accordance with Sec. 8-6 of the Connecticut General Statutes.
The beach area in which the property is located is known as Cedar Beach and the overall size of the lot is approximately 51 feet by 171 feet in an R-5 residential zone. Both the lot size and the dwelling thereon are non-conforming and predated zoning which was adopted in Milford in 1930.
The general area of the neighborhood is consistent with the dwellings located on the aggrieved party's property. The appellant seeks to have the lot divided into two smaller non-conforming lots similar to numerous properties located in the area. CT Page 1780
The question of hardship is consistently raised by the plaintiff Josephine Ganim because of the actions of the Board. In contrast to Stillman v. Zoning Board of Appeals, 25 Conn. App. 631
(1991) whereby there was a problem with the location of the septic system and well. In this particular case there exists a septic tank that conforms to all specifications. In addition there is no further traffic problem because the traffic would be consistent with the two dwellings now located on the property.
Other matters were raised in the hearing regarding a voluntary contribution that was outside the scope of the Board's authority.
The court concedes that variances should be granted sparingly and the claim that this is a hardship self-created by the defendant is not substantiated by the facts.
The court made two visits to the premises. The initial visit was to determine if dividing the lot would create any additional hardship to the entire neighborhood or would deprive either dwelling of substantial right. The court found in the negative that there would be no added encumbrances to the entire situation. The second visit was to determine the scope of the neighborhood and the court found there were numerous properties with the same type of two-dwelling structures and they had been allowed a subdivision, whether by building permit or by the City of Milford Zoning Regulations.
To deny the petitioner the division of property appears to be discriminatory and arbitrary. There is no added burden to the city and the petition under Sec. 8-6(3) seems to be complied with fully.
In granting the variance there will be no added construction to the buildings, there is no relief sought to improve the buildings and the buildings would exist in the manner in which they are presently situated. Therefore, the court finds for the plaintiff Josephine Ganim and grants the right to subdivide the property.
BY THE COURT,
Philip E. Mancini, Jr. State Trial Referee CT Page 1781
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 1781-T