[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July, 1, 1993, the plaintiffs (PLTFs) filed a "Motion To Consolidate" which was granted by the Court (West, J.) by agreement of the parties. (File #102.) This consolidated eight cases which are enumerated as follows:
1. Michael Vandenbroeck et al v. Redding Zoning Commission #308444-S;
 2. Michael Vandenbroeck v. Redding Zoning Board of Appeals et al #309492-S;
 3. Michael Vandenbroeck et al v. Redding Zoning Board of Appeals #308922-S;
 4. Michael Vandenbroeck v. Redding Zoning Board of Appeals et al #309493-S;
 5. Michael Vandenbroeck et al v. Redding Zoning Board of Appeals et al #312861;
 6. Michael Vandenbroeck et al v. Redding Zoning Commission et al #313012-S;
 7. Michael Vandenbroeck et al v. Redding Zoning Commission et al #313618-S;
8. The above-captioned case #313698.
As stated by the PLTFs in their motion, the eight cases were brought by the same PLTFs and "The factual basis of each of the eight administrative appeals is substantially the same; the legal issues overlap where they are not identical." Moreover, the parties agreed to have one judge hear the cases at one hearing. Finally the parties and the court would benefit from the conservation of time and expense and no prejudice would result from such consolidation.
Thus the matter was referred to the undersigned for hearing and judgment on the merits. The provisions of this memorandum shall, therefore, have application to all eight administrative appeals. It should be noted further, as stated in the motion to consolidate, the eight appeals concern actions of the Zoning Commission and the Zoning Board of Appeals and the Zoning Enforcement Officer of the Town of Redding. Also, all appeals pertain to the property owned by one of the defendants (DEFTs), Costa Stergue, which property is located at No. 584 Redding Road CT Page 493 in Redding, Connecticut, as well as actions taken by Costa Stergue relative to said property.
FACTUAL BACKGROUND
The defendant, Costa Stergue. individually and as Trustee, purchased the above-mentioned property located at No. 584 Redding Road, in Redding, Connecticut. When he bought the property of approximately 2.7 acres, there was a one-family house located on the premises which had been constructed more than fifty years earlier. Therefore, said building was a legal nonconforming structure under the provisions of the Zoning Regulations (Zoning Regs.) of the Town of Redding. (Sec. 5.17.2.) There is some disagreement among the parties as to the actions of the DEFT, Stergue, relative to the old building which he demolished and a new building which he constructed substantially upon the old foundation. There are charges that he acted wilfully and intending to deceive the "Zoning Comm." and the "ZEO" of the Town in his submission of his application for a zoning permit, site plan for the new building and grounds, and the actual new building and finally his description of the type of construction he intended to perform.
There are also charges levelled against members of both the "Zoning Comm." and the "ZBA". The finding of the undersigned is that the PLTFs have failed to meet their burden of proof with respect to establishing the charges of prejudgments, collusion, secret meetings held among some members and not all members of the "Zoning Comm.", publication of defective notices of hearings, actions out of bias and prejudice.
These actions of the zoning authorities of the Town and of Costa Stergue himself are disturbing but are also subject to explanations other than as charged by the PLTFs.
These cases have had various proceedings of a temporary nature and have not proceeded to final judgment until this time. Much corrective action has been taken since the original complaint was filed with a March 24, 1992 return date. This will be developed further.
At this time pertinent legal principles should be set forth which govern in all of these cases.
AGGRIEVEMENT
CT Page 494
Aggrievement is a jurisdictional matter and it is a prerequisite to maintaining an appeal.
Gen. stats. § 8-8(a)(1) defines an aggrieved person to include "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
The PLTFs, Vandenbroeck and Woodburn, appeared at the hearing before the undersigned and testified to their ownership of land adjoining that of Stergue. Their testimony was supported by a deed of title and a map. (Exhibits A B.)
The finding is made that the PLTFs are aggrieved persons for all eight administrative appeals.
SCOPE OF REVIEW
 "In reviewing the actions of a zoning board of appeals . . . such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal . . . . The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision . . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." Pleasant View Farms Development, Inc. v. Zoning Board of Appeals, 218 Conn. 265, 269-70 (1991). Cited in Francini v. Zoning Board of Appeals, 228 Conn. 785, 791 (1994).
 "It is well settled that a court in reviewing the actions of an administrative agency, is not permitted to substitute its judgment for that of the agency or to make factual determinations on its own." Conn. Resources Recovery Auth. v. Planning Zoning Commission, 225 Conn. 731, 744
(1993) . . . . The trial court must uphold the board's decision if it is reasonably supported by the record. Id.
Where a board does not state the reason for its decision, the trial court must search the record to find a basis for the action taken. A. P. W. Holding Corp. v. Planning ZoningBoard, 167 Conn. 182, 186 (1974). See also, DeBerardinis v.
CT Page 495Zoning Commission, 228 Conn. 187, at 198 (1994):
 "Conclusions reached by the Commission must be upheld by the trial court, if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency support the decision reached."
Having the foregoing legal principles in mind, I now proceed further on the details and the particulars of the instant case but avoiding the many, many repeated assertions of irregularities in the actions of all the parties over the several years of intense litigation, primarily on the part of the PLTFs.
When Stergue purchased the property at issue, the original house was then a pre-existing legal nonconformity. The "Zoning Regs." which were adopted later required a front yard set back in the particular zone of 50 feet. (Zoning Reg. Sec. 4.6.) The old house was about 20 feet from the westerly property line which is Redding Road. It is true that Stergue proceeded to demolish the house prior to obtaining a necessary permit. He was ordered several times by the "Zoning Comm." and the "ZEO" to cease and desist. He was concerned because of possible adverse weather conditions that he could lose the existing foundation, having destroyed the old house. Not content to let matters stay, he proceeded to seek a zoning permit, building permit and approval of a site plan for his new building. He ultimately secured these although not in the proper order. He also proceeded to build with different dimensions exceeding the area living space of the old house.
However, this last question is debatable because no one could prove the area living space of the building. The problem was attempted to be solved by the "ZBA". It required a series of meetings with three variances being issued. From my reading of the various minutes, I cannot accept the PLTFs claim that the members of the "ZBA" acted improperly or with any prejudgments in this matter. The language varied, the thoughts as expressed in the transcriptions clearly showed the struggle of the members seeking to carry out their mission recognizing their duties to the populace at large and the laws they were sworn to uphold as well as allowing for the proper protection of DEFT Stergue's rights. It came through to the undersigned that a forfeiture or a CT Page 496 confiscation of Stergue's property was not easy to accept.
Much has been said about the proceeding before Judge Rodriguez wherein the "ZEO" and the "Zoning Comm." proceeded against the DEFT, Stergue, for his failure to obey their cease and desist orders. Reference must be made to the Memorandum Of Decision in that proceeding which did not involve the PLTFs in this case. It was found that the old building was in a state of disrepair and I believe the records in the eight cases dealt with herein confirm that condition. As an aside, the records also support the finding that the new building is a decided improvement. There has been no attack against the new construction other than infringements on the setback requirement and the possible loss of the nonconforming use status. I do not accept either attack as having been established by adequate proof or authority in the law.
Judge Rodriguez found that Stergue was and is an experienced builder. The judge also found violations of the "Zoning Regs.", Sec. 4.6.5 (the 50 foot setback requirement), and see Sec. 4.17.2 (dealing with nonconforming structures). He granted the injunction requiring Stergue to cease and desist but also allowed Stergue to do what was necessary to bring him into compliance. Fines, costs and attorney fees were also imposed. This would not avail the PLTFs in this action because Stergue reconciled the differences between himself and the "Zoning Comm." and the ZEO in a written stipulation which removed the injunction.
A principal issue between the PLTFs and the zoning authorities concerns the concept of hardship which is the justification under the "Zoning Regs." for granting a variance. I have no problem in accepting the reasons given by the "ZBA" in reaching its conclusion that the existence of hardship was established. The hardship lies in the fact that at the rear of Stergue's property the terrain rises sharply into either a large hill or mountain. This was existing when the old demolished house was built. As a result the record shows that the old house was almost entirely within the 50 foot setback. As pointed out further by the members of the "ZBA", it would be necessary to go into this steep area if it would not grant a variance. The "ZBA" accepted the building built by Stergue knowing that the new house was somewhat larger than the original structure. However, it required him to remove a solarium and leave an open porch in its place thus reducing the area living space. It was referred to in the discussions by the "ZBA" as being a compromise. It would seem CT Page 497 that, if the ZBA in all of its deliberations on the many cases that came before it were not to exercise its ample discretion in favor of any applicant, there would clearly be no compromise or a clear bar by the existing law preventing the exercise of discretion. The authority to exercise discretion establishes the wisdom of the original proponents of zoning laws and regulations that there must be room for compromise. I also agree with the "ZBA" that there was a hardship in this case and that it was not created by Stergue. Furthermore, that there would be extreme difficulty in trying to comply with the law to overcome the hardship by cutting down the terrain in the rear with its ledge composition.
This Court is accepting the rule set forth in Stillman v.Zoning Board of Appeals of The Town of Redding, Et Al,25 Conn. App. 631 (1991). The Appellate Court in Stillman, in its interpretation of Gen. Stats. § 8-6, recites at page 634: "That statute grants broad powers to the zoning board of appeals and limits those powers only when the Zoning Commission passes a regulation explicitly limiting the issuance of variances."
Continuing further, at page 636:" "A variance may be granted if the literal enforcement of a regulation causes exceptional difficulty or hardship because of some unusual characteristic of the property. (citing Belknap v. Zoning Board of Appeals,155 Conn. 380, 383 (1967). It continues to recite that the hardship must arise from different conditions than affecting other properties and must be imposed by conditions outside the property owner's control. Finally, on page 637, the Appellate Court found that "These conditions are not personal to Morgan (the applicant for variance) and would exist no matter who owned the lot." (Parentheses supplied.) I believe the decision of the Appellate Court supports the "ZBA" in the instant case.
It is, therefore, the finding of the Court in all eight consolidated cases that the conduct of the "ZBA", the "Zoning Comm." and the "ZEO" was not illegal, arbitrary, capricious and in any way the abuse of the discretion vested in each of the aforesaid authorities.
Accordingly, in view of the foregoing, the appeals in each of the eight cases is hereby denied and dismissed.
John Ottaviano, Jr., State Trial Referee CT Page 498