[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the defendant Wethersfield Zoning Board of Appeals ("ZBA") granting a variance to the plaintiff's neighbor for the purpose of constructing an attached garage. The principal issue in this case is whether the record supports a finding by the ZBA of an unusual hardship justifying the granting of the variance.
The facts in this case are undisputed. The defendants Pearl Giarratano and Mary-Ann Carelli are the owners of a ranch-style house in Wethersfield. The applicable zoning regulations require a combined side yard setback of 27 feet with a minimum side yard of 12 feet. The plaintiffs seek to construct a 12 foot attached garage located in the sideyard. Because the existing sideyard setback is 16 feet, the addition of the garage would result in a setback of slightly less than 5 feet, or almost 7 feet less than the setback required by the Wethersfield Zoning Regulations. As a result the defendants sought a variance from the minimum setback requirements.
Both in their application and at the hearing in support of it the defendants claimed the following hardship: "Aging and having difficulty in inclement weather to clean second car and driveway. Need additional space for required recycling of papers, bottles, etc." At the hearing the applicants explained that the garage was required because of their advancing age. They also explained that most of the houses in their neighborhood have two-car garages even though the properties were originally designed for one. The plaintiff in this case, who is the abutting property owner, objected to the granting of the variance, arguing that the applicant had failed to demonstrate the hardship necessary for CT Page 2702 its approval. In its Executive Session, the Board briefly discussed the application. Noting that most of the other properties in the neighborhood have two car garages, and that even with the addition of the garage, the neighbors' privacy would be protected, the Board voted unanimously to approve the application. This appeal followed.
Both § 167-172(4) of the Wethersfield Zoning Regulations and General Statutes § 8-6 authorize the granting of a variance in the case of "exceptional difficulty or unusual hardship." Court's construing this test have held that "[a] variance may be granted if the literal enforcement of a regulation causes exceptional difficulty or hardship because of some unusual characteristic of the property. To support the granting of a variance, a hardship must arise from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control." Stilman v. Zoning Board ofAppeals, 25 Conn. App. 631, 636 (1991) (internal citations omitted).
The facts of this case bear a striking resemblance to the facts in Stilman, supra. In Stilman, the applicant, an elderly homeowner, proposed to construct an addition to her house. Because of an existing well and septic system the addition could be located only on the easterly side of the property for which the local regulations required a 40 foot side yard setback. After the proposed addition, the setback would be approximately 24 feet, thus necessitating the request for a variance. The local zoning board of appeals approved the variance, but that decision was reversed by the trial court. On appeal, the Appellate Court reversed the trial court, concluding that the location of the well and septic system coupled with the side yard setback requirements constituted the type of hardship required for a variance. The Court noted that these conditions were personal to the applicant "and would exist no matter who owned the lot." Id.,
637.
In this case the Zoning Board of Appeals was justified in finding that a hardship existed. As in Stillman, the configuration of the applicant's lot and the location of the existing garage precludes the construction of the second garage without violating the zoning regulations. Also as in Stillman,
"these conditions are not personal to [the applicant] and would exist no matter who owned the law." Id.
CT Page 2703
While it is true, as the plaintiff points out, that the decision to grant a variance must be predicated on a finding of actual hardship, "it is well settled that courts are not to substitute their judgment for that of the board, and that the decisions of local boards will not be disturbed as long as an honest judgment has been reasonably and fairly made after a full hearing." A review of the transcript of the proceedings of the Board satisfies this court that an "honest judgment [was] reasonably and honestly made." Id. Accordingly the decision of the Wethersfield Zoning Board of Appeals is sustained, and the plaintiff's appeal is dismissed.
So ordered.
ROBERT L. HOLZBERG