[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
This appeal involves the property of the appellees, Nicholas and Beverly Faiella the record owners of the subject property, in the Town of North Branford known as 536 Totoket Road. Their property consists of an 11,027.7 square foot parcel in an R-80 residential zone. The property is a nonconforming lot established before the adoption of zoning by the Town of North Branford. The lot is nonconforming with regard to lot area, minimum square, and minimum width of a building lot. The existing house on the lot is nonconforming with respect to front and side yard setback requirements and lot coverage.
On June 27, 1995, the appellee, Nicholas Faiella, filed an application with the Town of North Branford Zoning Board of Appeals seeking a variance of § 24, Schedule B, lines 7.3 and 8 of the regulations.
On July 17, 1995, after publication of the statutorily required notice, the ZBA opened a public hearing on this application. At the opening of the public hearing, the chairman noted that this property had been the subject of another variance application the previous month, June of 1995. That application had been denied by the ZBA stating "No hardship was shown." At the hearing, it was noted that the proposed addition had been reduced in size and eliminated a rear storage area. Following some discussion the ZBA voted that the present application "represents a significant change from last month's application." (Exhibit 25, p. 4 and Exhibit 5, p. 3.)
Following deliberation at the public hearing, the Zoning Board of Appeals unanimously agreed not to waive a regulatory requirement for an A-2 survey. Because the Commission required the A-2 survey, it voted to continue the hearing until their next regular meeting.
A legal notice, in accordance with § 8-7, announced the continuation of the public hearing on this application.
The original notice for the July public hearing noticed a request for two variances: (1) A reduction of the side yard from 20' to 11.2' (§ 24, Schedule B, line 7.3.); (2) an increase of lot coverage by building as a percentage of the total lot area from 10% to 13.9% (§ 24, Schedule B, line 8). CT Page 6026
When the legal notice was published for the continuation of the public hearing, a third variance request was added. That request was for:
 "A reduction of the street line setback from 50' to 28.9' (§ 24, Schedule B, line 7.1)."
The Zoning Board of Appeals voted 4 to 1 to approve the application for the three variances.
From the record, the Zoning Board of Appeals could reasonably conclude that the Faiellas' nonconforming lot is served by a septic system that, when subjected to local regulations and ordinances, dictates where the replacement structure can be constructed. The Board could likewise conclude that the nonconformity of the appellants' lot is the result of the enactment of local zoning regulations. The Board could have reasonably found that the applicants' flexibility in the placement of the addition was affected by ledge in the rear of the applicants' property.
AGGRIEVEMENT
At the time of trial on this matter evidence was presented to the court which indicates that the appellants McCarthy are the owners of abutting property and are statutorily aggrieved.
DISCUSSION
The appellants raise three substantial issues in the instant case. First, they question whether there has been the demonstration of the type of hardship required to support a variance. Second, they question the sufficiency of the notice as it relates to the third variance considered for the first time at the August continuation of the public hearing. Finally, they question whether there is a sufficient change in the application between the June denial and the August approval to warrant a change in the Zoning Board of Appeals' conclusion concerning the existence of hardship.
HARDSHIP
While Connecticut has an extensive body of case law concerning the sufficiency of hardship to sustain a variance, the instant case would appear to resolve itself to a consideration of CT Page 6027 two appellate decisions. In Stillman v. Zoning Board of Appeals,25 Conn. App. 631 (1991), our Appellate Court found the hardship to be sufficient, upheld the local municipal agency and reversed the trial court which had found the hardship to be insufficient. Four years later, in Bloom v. Zoning Board of Appeals, 233 Conn. 198
(1995), the Supreme Court, in a case which concerned both hardship and estoppel claims, found a lack of sufficient hardship to support a variance.
In footnote 13 of Bloom, the Supreme Court wrote:
 "The owners rely on Stillman v. Zoning Board of Appeals, 25 Conn. 631, 596 A.2d 1, cert. denied 220 Conn. 293, 598 A.2d 365 (1991), where a variance was granted for the construction of an additional encroachment on the setback in a legally nonconforming building. We do not consider Stillman dispositive in this case. In Stillman there were permanent structures on an undersized but legally nonconforming lot that prevented the defendant from constructing the proposed addition at any location other than within the setback. Therefore, because construction was possible only within the setback, the court concluded that the defendant was entitled to a variance. Id., 636-37. In the case before us the owners presented no evidence that the renovations could only be accomplished within the front setback. Furthermore, the fact that an owner is prohibited from adding new structures to the property does not constitute a legally cognizable hardship. `If it is a hardship to not be able to use one's property as one wishes, then most setback variance applications would have to be granted.' T. Tondro, supra pp. 29-30. Although we distinguish Stillman from this case, we do not necessarily endorse its holding." Stillman, fn. 13.
Examining footnote 13, the court in the instant case is convinced that the owners presented sufficient evidence that the renovations could only be accomplished within the front and side setbacks.
This court is fully cognizant of the Supreme Court's observation in Bloom, "Although we distinguish Stillman from this case, we do not necessary endorse its holding." It appears to this court that the quoted language may be a precursor to the reversal or limitation of Stillman. However, the quoted language does not free this court from the binding effect of the Appellate Court decision in Stillman.
CT Page 6028
In fairness, it would appear that Stillman must be read as a establishing a somewhat more lenient standard for a finding of hardship when the applicant is the owner of a nonconforming parcel than the ordinarily stricter standard set forth in Grillov. Zoning Board of Appeals, 206 Conn. 362, 368-373 (1988).
Stillman concerned a rectangular lot undersized and limited by the location of the septic system and the well. The instant case concerns a triangular lot undersized and limited by a leaching field and ledge. Nevertheless, the court believes thatStillman is distinguishable from the case before it. WhileStillman approves of encroachment on setbacks when undersized lots have peculiar limitations, there is nothing in Stillman
which approves the granting of a variance of bulk coverage requirements. Unlike Stillman, one of the requested variances in the instant case has to do with the overall size of the building in relation to the size of the lot. In Stillman, the issue was precisely where on the lot an addition would be placed. In the case before the court, the applicant cannot place an addition anywhere on the lot without a variance to increase the size of the building as a percentage of the lot area from 10% to 13.9%. As to this issue the only apparent claim of hardship is "I need additional living space." The house predated zoning and has been lived in by the applicant and others for many years as a residence. There is absolutely no evidence that it cannot continue to be used as a residence. Undoubtedly lots of various sizes, including other nonconforming lots, exist within the zoning district. The owner of any lot, whether conforming or nonconforming, would have to establish a specific hardship in order to obtain a variance to exceed the allowable building coverage ratio when building a house. This court is not prepared to hold that owners of a nonconforming lot, smaller in size than that required by the Zoning Regulations, have greater rights than other land owners in the district and can show a hardship sufficient to expand a presently existing dwelling merely because their lots are nonconforming and they desire more living space.
Cognizant of Bloom, but bound by Stillman, this court holds that the reduction of the side yard from 20' to 11.2' and a reduction of the street line setback from 50' to 28.9' was within the discretion of the Zoning Board of Appeals and as to those variances this appeal is dismissed. However, the court further finds that an increase in lot coverage by the building as a percentage of the total area from 10% to 13.9% is distinguishable CT Page 6029 from Bloom and as to that variance the matter is remanded to the Zoning Board of Appeals with direction to deny the variance.
SUFFICIENCY OF NOTICE
Failure to publish an adequate legal notice creates a jurisdictional defect which cannot be cured simply because the appellant participated in the hearing. Koepke v. Zoning Board ofAppeals, 223 Conn. 171 (1992). The court notes that the sufficiency of the legal notice is not essential to the court's decision in view of the court's holding on hardship. However, the court finds that the statutory requirements of § 8-7 and the policy expressed in Koepke combined with the fact that all three variances were clearly identified prior to the continuation of the public hearing constituted sufficient legal notice.
THE PRIOR APPLICATION
This court recognizes that it is not the function of the court to re-try the case. Conclusions reached by a commission must be upheld by the trial court if they are reasonably supported by the record. Protect Hamden v. Planning and ZoningCommission, 220 Conn. 527 (1991). The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached. Id. at 543. When the considerations are fairly debatable, the court cannot substitute its judgment for that of the commission. DeMeov. Zoning Commission of Bridgeport, 148 Conn. 68 (1961).
At the time of the hearing on the application the Town Planning and Zoning Administrator noted that the proposed addition had been reduced in size and eliminated a rear storage area. By eliminating the proposed storage area from the application the applicant had lessened the magnitude of the area and size variances requested. Given this explanation and following a specific discussion, the Board unanimously voted that the application "represents a significant change from last month's application." In view of the court's role in reviewing the Board's action and not substituting its judgement for the judgment of the Board, the court finds that the Board had sufficient facts from which it could conclude that the applications were different.
In conclusion, bound by Stillman, the court dismisses the appeal as to the sideline variance from 20' to 11.2' (§ 24, CT Page 6030 Schedule B, line 7.3). The court dismisses the appeal as to a reduction of the street line setback from 50' to 28.9' (§ 24, Schedule B, line 7.1). The court sustains the appeal and remands the case to the Zoning Board of Appeals with directions to deny the variance insofar as it requests a variance to increase lot coverage by the building as a percentage of the total lot area from 10% to 13.9% (§ 24, Schedule B, line 8).
THE COURT:
BY KEVIN E. BOOTH, JUDGE