[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This land use appeal presents the question of whether the Zoning Board of Appeals of the Town of Wallingford (the "Board") properly granted a variance to Jane M. Carini ("Carini"), allowing her to divide a parcel of land. For the reasons discussed below, I find that the Board's decision to grant a variance in this case cannot be legally supported.
The record submitted by the Board shows that on April 25, 1996, Carini filed an application for a variance seeking to divide a parcel of land located at 8 Celestial Lane in Wallingford. The parcel in question contains a total of 100,188 square feet. The minimum lot size in the area in question is 80,000 square feet. Carini sought a variance to divide the parcel into two lots, each with a minimum area of 50,000 square feet. Her application claimed that an application of the zoning regulations to her property would produce an unreasonable hardship because "change of zoning regulations subsequent to acquisition frustrated intent to create two lots." (Ex. 1.)
The Board heard Carini's application on May 20, 1996. After hearing statements by Carini's attorney and a number of neighbors (who spoke both for and against the proposal), the Board granted the variance. The Board stated no collective reason for its decision. (Ex. 12, p. 18.) (The parties agree that Ex. 3, which suggests that the Board stated a reason for its decision, is erroneous.)
This appeal was timely brought by two abutting property owners, John R. Butler and Raymond L. Barbeau. They are aggrieved persons within the meaning of Conn. Gen. Stat. § 8-8 (1). Carini and the Board have been named as defendants. A hearing, at which aggrievement was established, was held on January 8, 1997. CT Page 39 The appeal must be sustained.
Because the Board did not state a collective, official reason for its action, the record as a whole must be searched to determine whether the evidence supports the Board's decision to grant the variance. Bloom v. Zoning Board of Appeals,233 Conn. 198, 209, 658 A.2d 559 (1995).
Carini and the Board rely upon a single reason reflected in the record that, they say, justifies the granting of a variance. Carini stated at the hearing through counsel, that she had purchased the property in 1955, when the current zoning regulation was not yet in effect. She intended at the time to divide the property. Zoning subsequently went into effect in 1958, before she had actually divided the property. She also stated that her property was developed in a way that permitted future division — with a house at one end — and that many of the surrounding properties were one acre lots, of the approximate size of the lots that she proposed to create. (Ex. 12, p. 2-3.)
This ground — the sole ground identified by Carini and the Board — does not legally justify the granting of a variance. Conn. Gen. Stat. § 8-6 (a)(3) provides that zoning boards of appeals may grant variances solely where strict regulatory enforcement "would result in exceptional difficulty or unusual hardship." The Wallingford zoning regulations are, if anything, even more restrictive. They provide that variances are to be granted only "where by reason of exceptional narrowness, shallowness, shape, topographical or unusual condition of a specific property . . . and where the strict application of the requirements or limitations of any district would result in peculiar or undue hardship upon the use of the property, as contrasted with merely granting an advantage of convenience." (Ex. 11, p. 136-37.)
"Proof of hardship is a condition precedent to granting a variance." Kelly v. Zoning Board of Appeals, 21 Conn. App. 594,598, 575 A.2d 249 (1990). No hardship, at least in the sense that that term is used in our law, is shown here. It is vital to understand that "[v]ariances cannot be personal in nature, and may be based only upon property conditions. . . . [T]he identity of a particular user of the land is irrelevant to zoning." Reidv. Zoning Board of Appeals, 235 Conn. 850, 857, 670 A.2d 1271
(1996) (Citations and internal quotation marks omitted.) The CT Page 40 entire argument advanced by Carini and the Board, however, depends entirely upon the identity of the particular owner of the land. Both defendants candidly admitted at argument that an owner who had purchased the land in question in 1995, instead of 1955, would not be entitled to a variance. The Board's granting of a variance under these circumstances is, consequently, a classic violation of the "use, not user" rule. See Reid v. Zoning Boardof Appeals, supra, 235 Conn. at 858. In order for a hardship to be found, it must be said that the conditions creating the hardship "are not personal to [the owner] and would exist no matter who owned the lot." Stillman v. Zoning Board of Appeals,25 Conn. App. 631, 637, 596 A.2d 1, cert. denied, 220 Conn. 923,598 A.2d 365 (1991). That cannot be said here.
"[T]he power to grant a variance should be sparingly exercised." Reid v. Zoning Board of Appeals, supra,235 Conn. at 857. That power was inappropriately exercised here.
The appeal is sustained.
Jon C. Blue Judge of the Superior Court