[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, owner of the property across the street from the subject property has appealed a decision of the Zoning Board of CT Page 4206 Appeals for the City of Norwich on an application for a variance. The decision grants a variance permitting the defendant, Steven Brenneisen, to operate a manufacturing business at 45 Church Street across from the plaintiff's residential property.
The court finds that the plaintiff's property is within 100 feet of 45 Church. He is, therefore, aggrieved by the Board's decision and has standing to prosecute this appeal pursuant to C.C.S. § 8-8(a)(1).
The parties all acknowledge that Brenneisen's application sought approval of a variance to allow a commercial manufacturing and assembly facility within an area zoned for warehousing, storage, residential or offices. The Board permitted the variance finding that there was a hardship and after evaluation of the problems involved decided to grant the variance on that basis.
The record also disclosed that a Mr. Benjamin observed that he believed that the plaintiff's attorney was not speaking for the plaintiff's tenants as he claimed but for the plaintiff himself. "They were looking to steal this property" (from Brenneisrn). The Board then voted to grant the variance based on hardship.
The plaintiff claims the Board acted illegally, arbitrarily and in abuse of its discretion in granting the variance without any evidence of hardship. He claims the approval was in violation of the C.G.S. § 8-6 without stating how it was in violation. He quotes the ordinance which governs variances which states in pertinent part:
 19.1.3 Variances. To vary the strict application of any of the requirements of this ordinance in the case of an exceptionally irregular, . . . or steep lot, or other physical conditions for which strict application would result in exceptional difficulty or unusual hardship that would deprive the owner of the reasonable use of the land or building involved . . .
The Board debated on the record the basis for the hardship which were the shape of the building, not fit for apartments, its past uses, that it was vacant for three or four years, and as Mr. Sharron stated: "if we fail to grant the variance, we impose a hardship because then the property owner has a building for which there is little or no use." Others indicated that "the building itself as it sits is such a variance in type of building from what other buildings around have become and that we have h to CT Page 4207 live with that physical fact." (Record, p. 11.)
"To support the granting of a variance, a hardship must arise from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control." Stillman v.Zoning Board of Appeals, 25 Conn. App. 631, 636 (1991). It is well-settled that courts are not to substitute their judgment for that of the Board, and that the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing . . . as the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency." Stankiewicz v.Zoning Board of Appeals, 15 Conn. App. 729, 731-32 (1988), aff'd.211 Conn. 76 (1989).
The court finds that in this case the defendant did show hardship. The plaintiff appeared with an attorney and presented his evidence and arguments to the Board. After a public hearing the Board granted a variance, finding a hardship and articulated the basis for its findings on the record. The court finds that the plaintiff failed to sustain his burden of proof to show a clear abuse of discretion by the Board or a lack of a factual basis to support a hardship.
The court, therefore, denies the plaintiff's appeal.
D. Michael Hurley, Judge Trial Referee