[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 6382
The plaintiffs, Deborah S. Kelley and Carl W. Stolle, appeal the decision of the defendant, Willington Zoning Board of Appeals (ZBA), granting the defendants, Christopher and Ten Gareau (the Gareaus), a variance from the twenty-five foot setback to construct a two-story addition to their home. The ZBA acted pursuant to General Statutes §8-6 (a)(3). The plaintiffs appeal pursuant to General Statutes §8-8.
 BACKGROUND
The record reveals the following facts. The Gareaus filed an application for a variance from the zoning regulations with the ZBA on April 3, 2000. (Return of Record [ROR], Exhibit A.) The Gareaus sought a sideyard variance to construct a two story addition, which includes a two car garage, master bedroom, and bathroom. (ROR, Exhibit A.) The Gareaus claim that they cannot build the addition behind their house because the pool and deck are located directly behind the house. (ROR, Exhibit D, p. 6.) Additionally, the septic and leaching fields prevent the Gareaus from constructing the addition on the opposite side of the house. (ROR, Exhibit D, p. 2.) The ZBA determined during a site walk conducted on April 26, 2000, that a nineteen foot sideline variance would be required. (ROR, Exhibit C, p. 2.)
At the ZBA meeting following the hearing, the ZBA determined that hardship had been demonstrated because the deck and pool would have to be relocated to put the addition behind the house. (ROR, Exhibit E, p. 1.) The ZBA also determined that the abutting property owners would not be adversely affected by the granting of the variance. (ROR, Exhibit E, p. 1.) The ZBA unanimously approved the variance. (ROR, Exhibit E, p. 2.) The ZBA published the decision in The Chronicle on May 22, 2000. (ROR, Exhibit B, p. 3.) The plaintiffs now appeal the decision of the ZBA.
 JURISDICTION
General Statutes § 8-8 governs an appeal from a decision of a planning and zoning commission to the Superior Court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Cardoza v. Zoning Commission, 211 Conn. 78, 82, 557 A.2d 545
(1989).
A. Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial CT Page 6383 court's jurisdiction over the subject matter of a plaintiffs appeal."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192, 676 A.2d 831
(1996). General Statutes § 8-8 (a)(1) provides, in pertinent part, that an "aggrieved person includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." (Internal quotation marks omitted.) At the hearing on March 12, 2001, the court found that the plaintiffs were aggrieved because they are abutting property owners.
B. Timeliness
General Statutes § 8-8 (b) provides, in pertinent part, that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." Service of process "shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality." General Statutes § 8-8 (e). "Service of process shall also be made on each person who petitioned the board in the proceeding, provided his legal rights, duties or privileges were determined therein." General Statutes § 8-8 (f).
The decision was published in The Chronicle on May 22, 2000. (ROR, Exhibit B, p. 3.) Service of process was made on the chairman of the ZBA, the town clerk and the Gareaus on May 26, 2000. (Sheriffs Return.) Accordingly, the court finds that the appeal was timely and served upon the appropriate parties.
 STANDARD OF REVIEW
"The standard of review on appeal from a zoning board's decision to grant or deny a variance is well established." Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 205, 658 A.2d 559 (1995). "Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. . . . Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." (Citations omitted; internal quotation marks omitted.) Id., 206.
"In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Irwin v. Planning Zoning Commission, 244 Conn. 619, 628,711 A.2d 675 (1998). "The burden of proof to demonstrate that the board CT Page 6384 acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." (Internal quotation marks omitted.) Francini v. Zoning Board ofAppeals, 228 Conn. 785, 791, 639 A.2d 519 (1994).
 DISCUSSION
The plaintiffs allege that the Gareaus did not prove a legally cognizable hardship sufficient to support the decision of the ZBA to grant the variance. The plaintiffs argue that the hardship claimed by Gareau and relied upon by the board is a self-created hardship that cannot serve as a basis for granting the variance.
The Gareaus argue that after viewing the property and hearing the evidence, the ZBA found that a hardship existed due to the location of the deck and pool. The Gareaus argue that there was no evidence at the hearing that the hardship was self-created. The Gareaus argue that the record supports the ZBA decision and the ZBA did not act arbitrarily, illegally or in abuse of its discretion
The ZBA argues that the ZBA relied on the record and concluded that the hardship existed The ZBA argues that the record contained no evidence that the hardship was self-created and that the record supports the ZBA's decision that the variance is in harmony with the zoning regulation The ZBA argues that the plaintiffs have not met the burden of proof because they have not demonstrated that the ZBA acted illegally, arbitrarily or in abuse of its discretion.
"It is well established . . . that the granting of a variance must be reserved for unusual or exceptional circumstances." Bloom v. Zoning Boardof Appeals, supra, 233 Conn. 206. "The authority of a zoning board of appeals to grant a variance under General Statutes § 8-6 (3) requires the fulfillment of two conditions: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purposes of the zoning plan." Francini v. Zoning Board of Appeals, supra, 228 Conn. 790. "Variances cannot be personal in nature, and may be based only upon property conditions." Reid v. Zoning Board of Appeals, 235 Conn. 850,857, 670 A.2d 1271 (1996).
"Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the CT Page 6385 considerations which the authority was required to apply under the zoning regulations. . . . The [decision] must be sustained if even one of its stated reasons is sufficient to support it. . . . [This] applies where the agency has rendered a formal, official, collective statement of reasons for its action." Bloom v. Zoning Board of Appeals, supra,233 Conn. 208. "Where a zoning board of appeals does not formally state the reasons for its decision, however, the trial court must search the record for a basis for the board's decision." Id.
Although the ZBA did not formally state the reasons for its decision, the ZBA's decision supported by the record. At the public hearing on May 11, 2000, the Gareaus testified they could not put the addition on the back of the house because of the pool and deck. During a site walk of the property on April 26, 2000, the Gareaus stated that they could not put the addition on the other side of the house because the septic and leaching fields were on that side. (ROR, Exhibit C, p. 2.) At the ZBA meeting following the hearing, the ZBA found that a hardship had been demonstrated because the Gareaus would have to move the deck and the pool to build the addition on the back of the house. (ROR, Exhibit F) The ZBA also determined that the abutting property owners would not be adversely affected by the granting of the variance.
In Stillman v. Zoning Board of Appeals, 25 Conn. App. 631, 636-37,596 A.2d 1, cert. denied, 220 Conn. 923, 598 A.2d 923 (1991), the Appellate Court held that the unique conditions on the defendants' lot "make the setback regulation exceptionally burdensome and support the board's granting of the variance." The court further stated that "[t]he hardship claimed by the defendants arises from the configuration of [the applicant's] lot and the location of the well and septic system. These conditions are not personal to [the applicant] and would exist no matter who owned the lot." Id., 637. Similarly, in the present case, the Gareaus claim that the hardship arises from location of the deck, pool, well, and septic system. These structures prevent the Gareaus from building an addition to their home behind the house or on the other side of the house. The plaintiffs argue that the Gareaus' hardship is self-created, but there is no evidence in the record that the Gareaus created this hardship. The record shows that the pool, deck, well and septic system was already in place when the Gareaus moved into their house. Furthermore, the conditions are not personal to the Gareaus, because these conditions would exist no matter who owns the property.
Based on the foregoing analysis, the court dismisses the plaintiffs' appeal. The plaintiffs have failed to show that the ZBA acted arbitrarily, capriciously, illegally or in abuse of its discretion.
_____________________ CT Page 6386 KLACZAK, JUDGE