[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Patrick and Virginia Burke and Tatjana Pogacnik, appeal from the decision of the defendant, New Canaan zoning board of appeals (ZBA), granting a variance to the defendant property owners, Roy and Janice Abramowitz (Abramowitzes), to construct an addition to their home. The plaintiffs appeal pursuant to General Statutes § 8-8.
The record reveals the following facts. The Abramowitzes filed an application for a variance from the setback requirements in § 60-14.2 of the New Canaan zoning regulations. (Return of Record [ROR], Item 2, p. 1.) Section 60-14.2 requires a side yard setback of 50 feet for a home located in a four acre zone. (ROR, Item 12, Schedule of Residential Zoning.) According to the record, the Abramowitzes' home is located on a 4.027 acre lot. (ROR, Item 6, Zoning Location Survey.) One corner of the new addition will encroach 3.2 feet into the side yard setback area. CT Page 11437 (ROR, Item 6, Zoning Location Survey.) In their application, the Abramowitzes seek a four foot variance for 14.5 feet of the 43 foot length of wall that will encroach into the side yard setback. (ROR, Item 3.)
The ZBA conducted a public hearing on August 7, 2000. After hearing all of the testimony and reviewing the evidence, the ZBA unanimously approved the variance. The plaintiffs now appeal the decision of the ZBA.
General Statutes § 8-8 governs an appeal from a decision of a zoning board to the Superior Court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.)Cardoza v. Zoning Commission, 211 Conn. 78, 82, 557 A.2d 545 (1989).
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192, 676 A.2d 831
(1996). The plaintiffs allege that they are aggrieved by the decision of the ZBA because they own land that abuts or is within a radius of one hundred feet of the land involved in the ZBA's decision. At the trial, the court found that the plaintiffs have pleaded and proven aggrievement.
General Statutes § 8-8 (b) provides, in pertinent part, that an "appeal shall be commenced by service of process . . . within fifteen days from the date that notice of the decision was published as required by the general statutes." The ZBA published notice of the decision in the New Canaan Advertiser on August 17, 2000. (ROR, Exhibit 5, p. 4.) The plaintiffs served the town of New Canaan, the chairman of the ZBA, and the Abramowitzes on August 28, 2000. (Sheriff's Return.) Service of process was timely and made upon the appropriate parties.
"The standard of review on appeal from a zoning board's decision to grant or deny a variance is well established." Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 205, 658 A.2d 559 (1995). "Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. . . . Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." (Citations omitted; internal quotation marks omitted.) Id., 206.
"In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or CT Page 11438 illegal." Irwin v. Planning Zoning Commission, 244 Conn. 619, 628,711 A.2d 675 (1998). "The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." (Internal quotation marks omitted.) Francini v. Zoning Board of Appeals,228 Conn. 785, 791, 639 A.2d 519 (1994).
The plaintiffs allege that the ZBA acted illegally, arbitrarily, and in abuse of its discretion because the Abramowitzes failed to prove any legal hardship. The plaintiffs argue that the Abramowitzes' hardship is self created because they based their plans on an incorrect map. The plaintiffs also argue that the Abramowitzes could have corrected their original plans but their personal desires prevented them from moving the addition elsewhere.
The Abramowitzes argue that the ZBA's decision is supported by the record. The Abramowitzes argue that the unique characteristics of the property, including the location of the house on the property, the presence of wetlands, location of ledge rock, and the severe slope of the property, support the ZBA's decision to grant the variance. The Abramowitzes argue that sufficient evidence was presented showing that the hardship was unique to the land itself, rather than personal or self-created.
In the statement of hardship attached to the application for a variance, the Abramowitzes claim that the location of the addition is based upon the topography of the land, location of the extensive ledge rock and wetlands common to the property. (ROR, Item 2, p. 1.) The Abramowitzes state that there are no available alternatives because of the topography and the location of the steep ledge rock on the property. (ROR, Item 2, p. 3.) The Abramowitzes also state that the wetlands and the required setbacks prevent them from constructing the addition in a different location on the property. (ROR, Item 2, p. 3.)
The Abramowitzes based the decision to purchase the property on their ability to build an addition. (ROR, Item 2, p. 2.) Although the Abramowitzes do not claim that the hardship is based on an incorrect survey conducted by Moody O'Brien in 1979, they do state that the incorrect survey caused them to believe that the addition would be possible without the need for a variance. (ROR, Item 2, pp. 1-2.) After purchasing the property, the Abramowitzes hired RKW to complete a new survey of the property. (ROR, Item 2, p. 2.) The new survey indicated that a corner of the planned addition would encroach into the required side yard setback area. (ROR, Item 2, p. 3.) As stated previously, the CT Page 11439 Abramowitzes do not have an alternative available due to the location of ledge rock, the topography of the land and the existence of wetlands. (ROR, Item 2, p. 3.)
The Abramowitzes submitted several photographs of the property to the ZBA. (ROR, Exhibit 10, pp. 1-6.) The photographs demonstrate that there is extensive ledge rock surrounding the existing house. (ROR, Exhibit 10.) The photographs also show that the proposed building site on the northwest corner of the lot is flat and that there is no ledge rock. (ROR, Exhibit 10, p. 1.) The existing foundation is pinned to deep ledge rock, which prevents the Abramowitzes from blasting the rock. (ROR, Exhibit 10, p. 2.) Speaking on behalf of the Abramowitzes, John Masterra, the architect that designed the proposed addition, stated in response to the ZBA's question that the need for a variance is attributable to the terrain, the trees and the ledge rock. (ROR, Exhibit 11, p. 27.)
Mark Grenier, attorney for Tatjana Pogacnik (a plaintiff), spoke in opposition to the application, stating that there was no legal hardship. (ROR, Item 11, pp. 29-34.) The Abramowitzes' neighbors, Patrick Burke (a plaintiff) and Terry Cungal also spoke in opposition to the application. Burke stated that the variance should not be granted because the addition could be redesigned, there are several ways to remove ledge rock, and an incorrect map is not a legitimate reason for granting a variance. (ROR, Item 11, pp. 36-37.) Burke expressed concern over the location of the driveway upon completion of the addition and the ZBA informed them that this issue was not before the board. (ROR, Item 11, pp. 37-38.) Cungal suggested tabling the discussion of the variance until the issue regarding the location of the driveway is resolved. (ROR, Item 11, p. 41.) Upon completion of the public hearing the ZBA voted unanimously to grant the variance. (Supplemental Return of Record [SROR], p. 2.)
"It is well established . . . that the granting of a variance must be reserved for unusual or exceptional circumstances." Bloom v. Zoning Boardof Appeals, supra, 233 Conn. 206. "The authority of a zoning board of appeals to grant a variance under General Statutes § 8-6 (3) requires the fulfillment of two conditions: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purposes of the zoning plan." Francini v. Zoning Board of Appeals, supra, 228 Conn. 790.
"Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning CT Page 11440 regulations. . . . The [decision] must be sustained if even one of its stated reasons is sufficient to support it. . . . [This] applies where the agency has rendered a formal, official, collective statement of reasons for its action." Bloom v. Zoning Board of Appeals, supra,233 Conn. 208. "Where a zoning board of appeals does not formally state the reasons for its decision, however, the trial court must search the record for a basis for the board's decision." Id.
Although the ZBA did not state a reason for its decision to grant the variance, a review of the record reveals a basis for the ZBA's decision. The Abramowitzes submitted a statement of hardship with their application in which they stated that the hardship is due to the topography of the land, the location of ledge rock, the wetlands on the property and the location of the home on the property. The record demonstrates that the topography of the land and the presence of wetlands prevent the Abramowitzes from constructing the addition elsewhere on the property. The location of the house on the Abramowitzes' property also prevents the Abramowitzes from building the addition on another portion of the property. The photographs of the property submitted by the Abramowitzes supports their testimony regarding the existence of a hardship. These photographs demonstrate that there is a considerable amount of ledge rock on the property, especially surrounding the house and underneath the house. The photographs also show that the proposed site is relatively flat as compared to the rest of the property.
"An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone." (Internal quotation marks omitted.) Reid v. Zoning Board of Appeals, 235 Conn. 850,857, 670 A.2d 1271 (1996). "Variances cannot be personal in nature, and may be based only upon property conditions." Id. The plaintiffs contend that the Abramowitzes' hardship is based on their personal preferences. The record demonstrates, however, that the hardship arises from the characteristics of the property rather than the Abramowitzes' personal preferences. During the deliberative session following the public hearing, one ZBA member stated that "there's an appropriate topographical reason for what is a relatively [de minimus] encroachment." (SROR, p. 2.) It was also noted that the variance would not affect adjacent properties. (SROR, p. 2.) The other ZBA members agreed with these statements and voted in favor of granting the variance.
In Stillman v. Zoning Board of Appeals, 25 Conn. App. 631, 636-37,596 A.2d 1, cert. denied, 220 Conn. 923, 598 A.2d 923 (1991), the Appellate Court held that the unique conditions on the defendants' lot "make the setback regulation exceptionally burdensome and support the CT Page 11441 board's granting of the variance." The court further stated that "[t]he hardship claimed by the defendants arises from the configuration of [the applicant's] lot and the location of the well and septic system. These conditions are not personal to [the applicant] and would exist no matter who owned the lot." Id., 637. In the present case, the evidence before the board, including the statement of hardship, the photographs of the property, the testimony from Roy Abramowitz and testimony from the architect who designed the addition, demonstrates that the hardship is not personal to the Abramowitzes. "[A] hardship is sufficient to justify a variance if it results from the peculiar topography, location or condition of the land that makes the property unsuitable for the use permitted in the zone." Bloom v. Zoning Board of Appeals, 233 Conn. 198,201, 658 A.2d 559 (1995). The hardship arises from the location of the home on the lot in relation to the wetlands and the ledge rock located on the property. These conditions, which are unique to this property, would exist regardless of who owned the property. The application of the setback regulations to this property produces an unusual hardship.
Despite the ZBA's failure to state a formal reason for its decision to grant the variance, it is clear from the record that the decision was not arbitrary, capricious, illegal or an abuse of discretion. The evidence in the record supports the ZBA's decision to grant the variance.
Based on the foregoing analysis, the plaintiffs' appeal is dismissed. The ZBA's decision to grant the Abramowitzes a variance from the zoning regulations is supported by substantial evidence in the record. The ZBA did not act arbitrarily, or in abuse of its discretion.
KARAZIN, J.